Streator Township High School District No. 40 of La Salle and Livingston Counties, Illinois et al., Plaintiffs-Appellants, v. County Board of School Trustees of La Salle County et al., Defendants-Appellees.

Gen. No. 10,795.

Second District.

February 17, 1955.

Released for publication March 8, 1955.

Berry & O'Conor, of Streator, for appellants.

Frederick W. Irion, and Ernest H. Pool, Sr., both of Ottawa, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

On July 31, 1953, a petition, signed by thirteen of the seventeen voters residing in Streator township high school district no. 40, was filed with the county board of school trustees of La Salle county, asking that the approximate 1,515 acres of land involved in this proceeding be detached from Streator township high school district no. 40 and annexed to Ottawa township high school district no. 140. Some of the land described in the petition is located in sections 23, 26, 27, 28, 33, and 34 in town 32 north, range 4 east of the third principal meridian in La Salle county, Illinois. The land located in said section 33 is described

in the petition as follows, viz: "The Southwest Quarter (SW¼) of the Southwest Quarter (SW¼) of Section Thirty-three (33); the North Half (N½) of the Southwest Quarter (SW¼) except Five Acres (5A) of Section Thirty-three (33); the North Half (N½) of the Southeast Quarter of Section Thirty-three (33); the East Half (E½) of the Northeast Quarter of Section Thirty-three (33)."

Following a hearing on August 28, 1953, the county board of school trustees entered an order on September 10, 1953, granting the prayer of the petition. On October 21, 1953, the instant complaint was filed in the circuit court of La Salle county under the Administrative Review Act alleging the foregoing facts and averring, among other things, that the decision of the county board of school trustees is not in accordance with the law or the facts; that the description of the territory involved, as contained in the petition, in the publication notice of the hearing on said petition, and in the order of the county board of school trustees, is so indefinite and uncertain that the same cannot be located and identified from said description; that one portion of the description described the north half of the southwest quarter of section 33, township 32 north, range 4 east of the third principal meridian except five acres and fails to locate or identify said five acres that is so excepted. The appearance of the respondents was entered, and a transcript of the record of the proceedings before the county board of school trustees was filed on December 7, 1953. Thereafter, and on December 22, 1953, the respondents filed its motion in the circuit court for an order "remanding the record to the County Board of School Trustees with instructions to amend the petition and order by striking therefrom the words 'except Five Acres (5A)' and substituting in their stead the words 'except the South Five Acres of the East Half (E½) of the

40

North Half (N½) of said Southwest Quarter (SW ¼).' "

On March 12, 1954, a hearing was had in the circuit court resulting in an order which, among other things, found "that the record filed by the County Board of School Trustees of La Salle County, Illinois, and Ray C. Hawley, Superintendent of Schools of said County, does not contain a complete transcript of the evidence presented before the said Board for its consideration; that in the absence of a complete transcript of the evidence it is presumed by the Court that there was sufficient evidence before the Board whereby it was able to determine the definite location of said Five Acres and so fix that location on the map contained within the record as part of the decision of said Board. That the map filed with said order on September 23, 1953, is in aid of the written description of the territory included within the order and renders definite and ascertainable the five acres referred to in an otherwise correct description. That the Court under authority of the Administrative Review Act, Section 12 (Chap. 110, Ill. Rev. St. par. 275 [Jones Ill. Stats. Ann. 104.094(12)]) has power to make any order that it deems proper for the amendment, completion or filing of the record of proceedings of the Administrative Agency; to affirm or reverse the decision in whole or in part; and where a hearing has been held by the Agency, to reverse and remand the decision in whole or in part, and in such case, to state the questions requiring further proceedings and to give such instructions as may be proper."

The order of the circuit court then affirmed the decision of the county board of school trustees entered on September 10, 1953, granting the petition to detach the territory described in the order from the Streator township high school district no. 40 of La Salle and Livingston counties and annexing the same

to Ottawa township high school district no. 140. The order then remanded the record to the board of school trustees "with instructions to clarify said petition and said order by striking therefrom the words 'except Five Acres (5A)' and substituting in their stead in said petition and order the words 'except the South Five Acres of the East Half (E½) of the North Half (N½) of said Southwest Quarter (SW¼).'" To reverse this order the Streator township high school district no. 40 and the several individual plaintiffs have perfected this appeal.

In their argument, counsel for appellees state that in describing the territory in their petition they excepted five acres from the north half of the southwest quarter of section 33 without pinpointing the location of the five acres; that this description was employed in the petition, the legal notice which was published, and in the order of the trustees; that while there was a lack of definiteness in this description, the school code required that maps showing the districts involved should be presented to the board of school trustees prior to their hearing on the petition; that this was done, and with the aid of that map it was a simple matter to determine just what five acres of the eighty acres were intended to be excepted; that this appeal involves fives acres of rural farm land, and in comparison to the total valuation of the Ottawa and Streator high school districts, which aggregate more than $144,000,000, the value of this five acres is trivial.

Counsel for appellants insist that there was no way for the county board of school trustees to determine what five acres were to be excluded from this eighty-acre tract; that it is apparent that the five acres could be so excluded from said eighty-acre tract so as to sever the entire territory into two different and distinct parts; that the description of this tract in the petition necessarily left it to the county board of

42

school trustees as to what five acres would be excluded from this eighty-acre tract, and in this connection, counsel call to our attention the case of Nolting v. Batterton, 231 Ill. 394. In that case a petition was presented to the trustees of schools of a certain township to consolidate several school districts or, in the alternative, if the trustees were unable to consolidate all of the territory into one school district that then the trustees should consolidate the school district in which the petitioners reside with other districts which may, by a majority of the legal voters thereof, petition in favor of such consolidation. Upon this petition an order was entered consolidating districts nos. 72, 48, and 75. This action of the trustees and their proceedings were by the circuit court quashed. In affirming that order, the Supreme Court stated that a petition in compliance with the statute is necessary to confer jurisdiction on boards of trustees to consolidate school districts; that school trustees have no authority whatever on their own motion to make any changes in the boundaries of school districts; that the initiative always lies with the voters of the district; that the power of the trustees is limited to granting or refusing the prayer of the petitioners and that the petition cannot confer authority upon the trustees to make such changes as in their discretion they may deem best.

 Exactly what seventy-five acres of this eighty-acre tract is described in the petition filed in the instant proceeding cannot be determined from the description contained in the petition, the legal notice, or in the order of the trustees. The defendants recognized that the boundaries of the territory in question could not be located from the description contained in the petition, but counsel for appellees contend that this defect may be corrected by evidence presented to the trustees at the hearing. We do not think so. The primary function of the petition is to establish definite-

ly the territory which the petitioners seek to have transferred from one school district to another. Nor do we think that the circuit court in the instant proceeding had any authority to enter an order directing the board of school trustees to clarify the petition by striking out from said petition the words "except Five Acres (5A)" and substituting in lieu thereof the words "except the South Five Acres of the East Half of the North Half of said Southwest Quarter."

██ ██ The Administrative Review Act (Ill. Rev. Stats., ch. 110, sec. 272, et seq. [Jones Ill. Stats. Ann. 104.094(9) et seq.]) provides that the complaint filed shall specify whether the transcript of evidence, if any, or what portion thereof shall be filed by the agency as part of the record. The instant complaint requested the county board of school trustees to file an answer consisting of the record of proceedings had before the administrative agency. The Administrative Review Act provides that such administrative agency shall file an answer which shall consist of the original or a certified copy of the entire record of proceedings under review, including such evidence as may have been heard by it, and that no pleadings other than as enumerated shall be filed by any party unless required by the court. Jurisdiction to review final administrative decisions is vested in the circuit and superior courts, and the hearing extends to all questions of law and of fact presented by the entire record, but no new or additional evidence in support of or in opposition to any order, determination or decision of the administrative agency shall be heard by the court.

██ The portion of the order we are called upon to review is a final order in that it affirms the order of the county board of trustees entered by that board on September 10, 1953. Our conclusion is that the order of the county board of trustees is void because

44

of the fact that the boundaries of the detached territory are not located and defined in the petition, notice or order which we are reviewing.

In view of this conclusion, it is not necessary for us to determine whether the contiguity and compactness of the Streator high school district is or is not destroyed by that order.

The final order of the circuit court of La Salle county is reversed and this cause remanded with directions to that court to enter an order dismissing the petition and denying the prayer thereof to detach the territory described therein from Streator township high school district no. 40 of La Salle and Livingston counties and annexing the same to Ottawa township high school district no. 140 of La Salle county, Illinois.

Reversed and remanded with directions.

WOLFE, P. J., concurs.

CROW, J., took no part.