*In re* ORGANIZATION OF THE FOX VALLEY COMMUNITY AIRPORT AUTHORITY—(THE COUNTY OF DU PAGE *et al.*, Appellants.)

(No. 74-181;

Second District—October 10, 1974.

John J. Bowman, State's Attorney, of Wheaton (Francis Fiore and Charles E. Ruth, Assistant State's Attorneys and Duane Walter, of counsel), for appellants.

Gerald M. Sheridan, of Wheaton, and Robert F. Casey, of Geneva, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

A number of electors filed a petition to incorporate the Fox Valley Community Airport Authority and for holding an election on that question. After notice, proceedings were held on the petition, and the Circuit Court of Kane County found the petition adequate and ordered an election to take place.[1] The objectors have appealed from the order calling for the election.

The threshold question presented to this court is whether we have jurisdiction to entertain this appeal. It is the duty of an appellate court first to determine that an appeal properly lies before it before going into the merits of the case. (*Clark v. State Police Merit Board*, 5 Ill.App.3d 332.) Petitioners have moved to dismiss the appeal contending that the order for an election is not a final judgment within the meaning of Supreme Court Rule 301. There is no contention by appellants that this is an interlocutory appeal within the meaning of Supreme Court Rules 307 or 308. Each party assumes the proceedings are directly reviewable. They disagree, however, at what stage such review is permissible.

Proceedings for establishment of airport authorities are held in accordance with the provisions of an act entitled "An Act in relation to airport authorities" (Ill. Rev. Stat. 1973, ch. 15½, par. 68.1 *et seq.*). No provision for appeal is contained in the Act. The Act lends itself readily to review both after the order calling for election and after the circuit court by order determines the results of the election. McQuillin considers the later order the conclusive one. (1 McQuillin, Law of Municipal Corporations § 3.39 (3d ed. 1971).) The question appears to be one of first

---

[1] Pending this appeal the election was held, a majority of the votes were in favor of the establishment of the Authority. A quo warranto proceeding to test the legality of the formation of the Authority is pending.

impression in Illinois. No authorities are cited by either of the parties which are directly in point. We have found none. Many similar statutes providing for the creation of municipal corporations do not provide when, if at all, review by appeal is permissible (Ill. Rev. Stat. 1973; ch. 42 par. 247 *et seq.* (sanitary districts); ch. 24, par. 2—3—5a *et seq.* (incorporation of villages in large counties); ch. 34, par. 5201 *et seq.* (tuberculosis sanitarium districts); ch. 57½, par. 1 *et seq.* (forest preserve districts); ch. 85, par. 1651 *et seq.* (solid waste disposal district); ch. 105, par. 2—1 *et seq.* (park districts). In the Municipal Code, the statutes providing for the incorporation of cities specifically provide for appeal. Ill. Rev. Stat. 1973, ch. 24, par. 2—2—7.

Prior to the adoption of the Judicial Article (Ill. Const., Art. VI, effective January 1, 1964) it is clear that proceedings for the formation of municipal corporations could be reviewed only in whatever manner, if any, provided by the statute itself. (*Heaney v. Northeast Park District*, 360 Ill. 254, 258; *Bradford Supply Co. v. Waite*, 392 Ill. 318.) It is now equally clear that the basis for the right of appellate review in Illinois is in the constitution and not in the statutes. *Hamilton Corporation v. Alexander*, 53 Ill.2d 175, 178.

■■ The creation of municipal entities is a civil proceeding sui generis and totally within the control of the legislature. However, the acts of the judge in respect to incorporation are judicial in character, including the conduct of the election, the canvass of the returns and a determination and declaration of the result of the election[2] (*People ex rel. Seegren v. Sackett*, 351 Ill. 363, 370, 371); the final judicial act would be the determination and declaration of the result of the election. *Heaney, supra.*

■■ The line of cleavage between final and interlocutory orders is not yet scientifically prescribed and the definitions and pronounced tests[3] must be considered primarily with reference to the facts of a particular case and the relief sought in the pleading. (2 I.L.P. *Appeal and Error* §§ 105—108 (1953).) The policy of limiting appellate jurisdiction to review appeals from final judgments is that litigation should not proceed piecemeal, that intermediate appeals unduly delay the final disposition of litigation and that a complete disposition in the trial court may make an appeal moot. 4 C.J.S. *Appeal and Error* § 92, at 244 (1957).

---

[2] An earlier line of cases held the duties of the judge not judicial. *People ex rel. Longenecker v. Nelson*, 133 Ill. 565, 602; *Village of Averyville v. City of Peoria*, 335 Ill. 106, 110; *Milstead v. Boone*, 301 Ill. 213, 218.

[3] See *Brauer Machine and Supply Co. v. Parkhill Truck Co.*, 383 Ill. 569; *Barnhart v. Barnhart*, 415 Ill. 303, 309.

■■ The substance of and purpose of the proceedings in the instant case are for the creation of an airport authority which is not effected, at least until the vote is canvassed. This is the real relief the petitioners seek. The election is but one of the steps in the process of bringing into existence the Authority and until the process is concluded there can be no finality. *Cf. Slack v. City of Salem*, 31 Ill.2d 174; *Damon v. Barker*, 239 Ill. 637.

Appeal dismissed.

SCOTT, P. J., and STOUDER, J., concur.