*In re* PETITION TO ANNEX CERTAIN TERRITORY TO THE VILLAGE OF GREEN OAKS, LAKE COUNTY.—(ANNA B. GRAHAM *et al.*, Petitioners-Appellants, *v.* CHICAGO TITLE AND TRUST COMPANY, Trustee, *et al.*, Appellees.)

(No. 73-112;

Second District (2nd Division)—February 20, 1975.

*Rehearing denied March 25, 1975.*

Eva Schwartzman, of Libertyville, and Kirkland & Ellis, of Chicago (Don H. Rueben, of counsel), for appellants.

John F. Grady, of Waukegan, for appellees.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from a judgment dismissing petition to annex certain territory to the Village of Green Oaks without allowing petitioners to put in their proof. The trial court based dismissal on the ground that our holding in *In re Petition to Annex to Village of Green Oaks*, 1 Ill.App.3d 773 (affirming dismissal of an earlier petition—"70 MC 2") was res judicata of the issues in this case, and that the pendency of that appeal was a prior action pending within the provisions of section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 48(1)(c)).

In that case the trial court dismissed the annexation petition after objections were filed and after full hearing, on the ground of lack of contiguity under the applicable statute, pointing to the failure to include in the territory sought to be annexed all of O'Plaine Road, an adjacent highway which crossed the Illinois Toll Highway via an overpass bridge, and the fact that the territory was divided by the Illinois Toll Road which was not included in the petition. We affirmed.

A few days after the dismissal of 70 MC 2 another annexation petition was filed (70 MC 8) which, but for the addition of two more petitioners and one new parcel, the deletion of another parcel, and the inclusion of all of O'Plaine Road where adjacent to the area sought to be annexed, was similar to the 70 MC 2 petition. Appellees filed their motion to dismiss (instead of "objections"). This motion was supplemented after our affirmance of the dismissal of 70 MC 2, based on the doctrine of res judicata in view of the substantial identity of parties and territory. The petitioners then moved to strike the motion to dismiss and the supplemental motion on the ground of the failure of the "movants" to file timely "objections," as required by section 7—1—3 of the Municipal Code (Ill. Rev. Stat. 1967, ch. 24, par. 7—1—3). The trial court denied the petitioners' motion to strike and dismissed the petition in 70 MC 8, and petitioners filed their notice of appeal.

During the pendency of this appeal section 7—1—1 of the Cities and Villages Act (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—1) was amended by the legislature by the addition of another paragraph reading as follows:

"For the purpose of this section, a toll highway or connection between parcels via an overpass bridge over toll highway, shall not be considered a deterent to the definition of contiguous territory."

We first consider whether the pendency of the appeal in 70 MC 2 required dismissal of the annexation petition in 70 MC 8 merely because

overlapping property was included. It should be noted that 2 days after the dismissal of 70 MC 2, other petitioners filed an annexation petition numbered 70 MC 7 covering overlapping territory for annexation to the City of Waukegan. That petition was filed one day earlier than the petition involved in the instant case (70 MC 8). Instead of proceeding to test the validity of that petition in (70 MC 7) after our affirmance of the dismissal of the petition in 70 MC 2, those petitioners moved to dismiss their 70 MC 7 petition. But for that fact, 70 MC 7 would have had precedence over the petition in the instant case, 70 MC 8.

The filing of successive annexation petitions with overlapping territory was involved in an early (1965) Green Oaks annexation case, *People ex rel. Saam v. Village of Green Oaks*, 55 Ill.App.2d 51. There the Village of Libertyville contended that the theory of preemption prevented the filing of other petitions once a petition was filed, and that any subsequent petition was void if filed before the termination of the annexation proceedings which was commenced earlier. We there said (at page 57):

> "We do not so understand the rule and determine that to preempt the field in an annexation proceedings the petition must be valid and comply with the requirements of the statute in order to give the County Court jurisdiction."

We adhere to that view.

■ The petition in the original case (70 MC 2) was held invalid by the trial court and by this court, and the petition in 70 MC 7 was withdrawn voluntarily. Under the circumstances 70 MC 8 was properly filed, and the pendency of 70 MC 2 did not require dismissal.

We next consider whether the ruling dismissing the petition in 70 MC 2 was res judicata of the issues presented in the instant case. In 70 MC 2 we based our opinion in part on the fact that only one-half of O'Plaine Road "for a distance of over one mile" had been included in the territory sought to be annexed, and, there being no proof that the territory on both sides of the Illinois Toll Road was already a community, and no proof as to any services by the Village of Green Oaks, the overpass bridge did not provide the required contiguity.

In the instant case the petitioners have included all of O'Plaine Road where adjacent to the territory sought to be annexed, instead of only a portion of it as in 70 MC 2; also, there are two additional parties and one new parcel not included in 70 MC 2.

■■ In *People ex rel. Cherry Valley Fire Protection District v. City of Rockford*, 122 Ill.App.2d 272, 274-275, the State's attorney of Winnebago County filed a complaint in quo warranto challenging Rockford's annexation ordinance based on its earlier annexation petition. A judgment of

ouster was entered on grounds of failure of proper notice to the Fire Protection District and lack of contiguity to the city. A few weeks later the city annexed the identical territory covered by the judgment of ouster plus one additional lot, using the original annexation petition together with a petition signed by the owner of the added lot. In the period between the hearings on the two complaints one of the record owners on the original petition had conveyed his interest to a new owner. Neither that new owner nor the Board of Education which owned a large parcel had joined in either petition. In commenting on the contention of the plaintiff that the judgment of outster was res judicata, we said:

> "If we were to determine that the doctrine of res adjudicata had application as here urged, it would mean that this territory could never be annexed to the City of Rockford. However, as is well established, that doctrine has application only where there is an identity of parties, subject matter and cause of action. The earlier cause concerned itself with the issues of contiguity and the required notice to the fire protection district. It appears that notice was properly served prior to the second annexation ordinance and the inclusion of the additional lot significantly affected the question of contiguity. The issues presented to the court for determination in the second quo warranto, thus, were not identical with those resolved in the earlier cause and the doctrine of res adjudicata was not applicable." 122 Ill.App.2d 272, 274-275.

We therefore hold that petitioners were not barred from relief by the doctrine of res judicata.

We now consider the effect of the 1973 amendment to section 7—1—1 of the Municipal Code *which became law on September 7, 1973*. That amendment clearly states that in annexation proceedings "a toll highway or connection between parcels via an overpass bridge over toll highway, shall not be considered a deterrent to the definition of contiguous territory". The amendment was enacted by the legislature after we held in the appeal from the 70 MC 2 petition that the connection between two parcels on each side of the toll road via the overpass bridge did not make it "contiguous to the annexing municipality" within the meaning of section 7—1—3.

In *Modern Dairy Co. v. Department of Revenue*, 413 Ill. 55, 66, which involved an amendment of an act by the legislature defining the terms as used in the act, the Illinois Supreme Court said:

> "The legislature has the power to make any reasonable definition of the terms of any statute, and such definitions, for the purpose of the act, will be sustained. * * * Once the legislative intent is ascertained it should be given effect by the courts unless

it is clearly in violation of some provision of the constitution, and captious and hypothetical reasoning should no longer be indulged. * * * [I]f the legislature, after the courts construe the terms used in an act, attempts by amendment to define those terms as used in that act, the reasonable presumption is that the court's construction was not in accord with the original intent of the legislature. * * * It would then seem incumbent upon the court to reconsider its construction of the act and, if it appeared to be clearly at variance with the interpretation of the legislature, to harmonize the court's construction with the legislative intent."

In *People ex rel. Spitzer v. County of La Salle*, 20 Ill.2d 18, 28, the court said:

"Where a court has construed the terms used in an act, and the legislature thereafter attempts by amendment to define those terms, the reasonable presumption is that the court's construction was not in accord with the original intent of the legislature. * * * We have a right to look to subsequent amendatory legislation to arrive at the correct meaning of the terms of the statute, where the legislature has attempted to define those terms."

■■ In *Creel v. Industrial Com.*, 54 Ill.2d 580, cited by appellees, the legislature adopted an amendment adding a new provision which, if applied by the court, would have defeated petitioner's right to an application for adjustment of his claim for workmen's compensation. Under such circumstances the supreme court in *Creel* found more apposite to the facts of that case the holding in *Western National Bank v. Village of Kildeer*, 19 Ill.2d 342, 353-354, that the addition of a new provision in the statute by amendment indicates absence of its implied or prior existence and concluded therefore, that the petitioner was entitled to file his application. In the instant case we hold that the 1973 amendment is an expression of legislative intent in the definition of contiguity and that it is reasonable and is therefore applicable to this case.

The trial court, of course, did not have before it the 1973 amendment expressing the legislative intent. We agree with the petitioners that the trial court should have an opportunity to consider that amendment upon remand by fixing a date for a hearing on the annexation petition, allowing the filing of objections by appellees within 5 days prior to such date and holding a hearing thereafter on the merits.[1]

---

[1] At oral argument counsel for petitioners while asserting the validity of their argument relating to appellees failure to file objections, withdrew those contentions and urged a full hearing on the annexation petition (in the light of the amendatory statute) and any objections thereto.

Therefore this cause is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

T. MORAN and DIXON, JJ., concur.