*In re* ANNEXATION TO THE VILLAGE OF GREEN OAKS.—(ANNA B. GRAHAM *et al.*, Petitioners-Appellants, *v.* CHICAGO TITLE AND TRUST COMPANY, Trustee, *et al.*, Objectors-Appellees.)

Second District   No. 76-250

Opinion filed March 17, 1978.—Rehearing denied May 5, 1978.

Eva Schwartzman, of Libertyville, and Kirkland & Ellis, of Chicago, for appellants.

Schiff, Hardin & Waite, and Hubachek, Kelly, Rauch & Kirby, both of Chicago, and Lonchar & Nordigan, Hall, Meyer, Fisher, Holmberg & Snook, and John G. Radosevich, all of Waukegan, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This cause involves a number of landowners who have petitioned to be annexed to the Village of Green Oaks, others who have responded to the petition and objected to it, and still others who filed objections but were dismissed from the cause in the trial court. The petition was originally filed on August 14, 1970, and was dismissed by the trial court in August of 1972. After dismissal, but before expiration of the time for filing notice of appeal, the City of Waukegan annexed some of the land involved in the petition. Petitioners appealed from the dismissal, which resulted in a reversal of the trial court's decision and a remand for a hearing on the petition. *In re Annexation to the Village of Green Oaks* (1975), 25 Ill. App. 3d 1078, 324 N.E.2d 193.

On remand a number of new objectors first sought to appear. The court allowed one to appear because he was a beneficiary of a trust already named as an objector. The others were dismissed as not being original parties, although the court allowed them to make offers of proof. At the conclusion of the hearing, the petition was dismissed as invalid because the petitioners failed to obtain a consent from certain State officials for the annexation of land that was in a State highway, and because the legal description of the area to be annexed failed to meet the statutory requirement of including all portions of adjacent highways. Petitioners appeal the dismissal of the petition, the more recent objectors have cross-appealed their dismissal, and the successors in interest of one of the original petitioners appeal seeking to have the inclusion of their land in the petition declared void.

■■ ■ We first consider whether consent of the governor or other appropriate authority is necessary in a petition to annex a State highway to a municipality. Here, part of State Route 120 is within the area sought to be annexed. Section 7—1—2 of the Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 7—1—2) requires that under certain circumstances the governor or other appropriate official must give written consent to an annexation of State land. This statute requires an official's consent when the annexation is sought by resolution of the appropriate corporate authorities. Because a petition for annexation, such as is present here, is distinct from an annexation by corporate resolution, we hold that the special consent requirement does not apply where the annexation is

sought by the owner and electors through petition. It was therefore error for the trial court to have found that a consent was required.

We consider next whether the boundary of the area sought to be annexed must be described so as to extend to the far side of any adjacent highway. At the time the petition was filed, the statute required that the land to be annexed extend to the far side of any adjacent highway (Ill. Rev. Stat. 1969, ch. 24, par. 7—1—1). This statute was later amended by Public Act 79-996 on June 19, 1975, by addition of a sentence stating that such highways are annexed even though not in the legal description in the petition. (Ill. Rev. Stat. 1975, ch. 24, par. 7—1—1.) Petitioners argue that this addition indicates a legislative intent as to the meaning of the earlier statute. In support of this position we are referred to our earlier opinion, *In re Annexation to the Village of Green Oaks* (1975), 25 Ill. App. 3d 1078, 324 N.E.2d 193. In that case we held that a 1973 amendment (Pub. Act 78-585) to section 7—1—1 of the Municipal Code expressed the legislature's intent regarding the definition of contiguity. We view similarly the amendment to section 7—1—1 which became effective October 1, 1975, and which added the sentence:

"These highways shall be considered to be annexed even though not included in the legal description set forth in the petition for annexation."

It is our opinion that this is an expression of legislative intent to be followed in defining what constitutes a boundary in annexation. Because this amendment is definitional rather than an addition of terms, and the expressed intent is not in violation of a constitutional provision, and the intent is reasonable, we hold that it is applicable in this cause and therefore it was not necessary that the boundary of the area annexed be described so as to extend to the far side of any adjacent highway.

■■ We turn next to the question as to whether the proceedings should be dismssed for failure to give proper notice of the petition for annexation to fire protection district trustees as required by section 7—1—1 of the Municipal Code. The record shows that only one trustee of the affected fire protection district was given notice. The trial court found that the proper notice had not been given, as required, to the *trustees* of the district. The court also found that the failure to give notice to all the trustees was not fatally defective. It appears then that the trial court viewed notice to a single trustee in the fire district as being notice to all trustees in that district.

We disagree. Section 7—1—1 clearly requires that notice be given to the *trustees* of the district. Notice to one trustee is not notice to all. Nor is this merely a formal defect. Certainly, the legislature indicated that the *trustees* should receive notice because it felt *each* trustee should be

personally aware of any annexation petition affecting his district. Failure to give a trustee notice is a denial of that trustee's ability to object. The ability of any single trustee to object presupposes that he is aware of the petition; as one objector's brief comments, "[t]rustees not receiving notice of an annexation petition could hardly be expected to be able to object to the lack of notice." Of particular concern would be the potential for a situation in which only one trustee favored annexation and he was the one given notice. It is conceivable that in order to increase the likelihood of success of the annexation, he might not inform his fellow trustees of the petition. Obviously, the best way to avoid such a problem is to require that *each* trustee be given notice.

Further, this court has held that the notice provision in question is jurisdictional and must be strictly observed, that any objector may raise this issue, and that failure to meet the requirement renders the petition void. (*People ex rel. Hopf v. Village of Bensenville* (1971), 132 Ill. App. 2d 907, 272 N.E.2d 50; *In re Annexation to the Village of Wadsworth* (1976), 35 Ill. App. 3d 957, 343 N.E.2d 57, *rev'd on other grounds*, 65 Ill. 2d 148.) We distinguish the instant cause from *In re Annexation to the Village of Downers Grove* (1974), 22 Ill. App. 3d 122, 316 N.E.2d 804. That case involved notice which was mailed to the trustees but not received by all. We held there that under the circumstances it was proper for the trial court to have allowed a continuance for the mailing of additional notice, which was received. These are not the facts before us now. In light of *Bensenville*, we must reverse the trial court on its finding that the petition was not fatally defective, and we hold that the petition was therefore void. The result, however, is that the petition is dismissed, the same result which the trial court reached for different reasons.

■■ The next matter we consider is whether the legal description of the area to be annexed was adequate. The boundaries as provided in the petition's legal description do not close. There are two and perhaps three different ways the description could be changed to include different subdivisions which would close the boundary. In our view this creates an ambiguity or a vagueness too great to allow the petition to stand. When it cannot be determined what land is included in an area to be annexed, the petition is invalid. (*Streator Township High School District No. 40 v. County Board* (1955), 5 Ill. App. 2d 38, 124 N.E.2d 579.) For this reason as well, we affirm the dismissal of the petition.

■■ We consider next whether the inclusion of one parcel in the territory to be annexed was void. Land owned by Delia Lossman had been included in the petition. The land is on the perimeter and its exclusion would not affect the contiguous nature of the remaining area. At the time the petition was signed, she was incompetent and her conservators signed

on her behalf. She was restored to competency in 1971 after the petition had been dismissed. She died in 1973 while this cause was on appeal. Her heirs argue that the land should be excluded from the area to be annexed because the conservators did not obtain court approval for their action. In our view, an action as drastic as signing an annexation petition is far beyond mere maintenance, and should require a conservator to obtain court approval. Absent such approval the action is void. We therefore specifically hold that the land originally owned by Delia Lossman should have been excluded from the area to be annexed.

■■ We reach finally the question of whether certain objectors were properly dismissed. The last time this cause was before this court we remanded for a hearing on the petition, allowing the filing of objections by the appellees prior to the hearing. Several new objectors sought to file, but their objections were dismissed because they were not *appellees*, having not taken part in the earlier appeal. At the time that we delivered our opinion in that appeal, there had not yet been a hearing on the petition. Section 7—1—3 of the Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 7—1—3) provides that any interested person may file objections until five days prior to the hearing. It was not our intention to restrict the filing of objections to those who were involved in the earlier appeal, but rather to indicate that those involved in the appeal would, as well as other proper objectors, be allowed to file objections. We therefore hold that any new objector who filed within the appropriate time prior to the hearing was a proper objector and should not have been dismissed.

For the reasons stated, we affirm the dismissal of the petition in this cause.

Affirmed.

NASH and BOYLE, JJ., concur.