*In re* PETITION TO INCORPORATE THE VILLAGE OF GREENWOOD (Chicago Title and Trust Company, as Trustee, Respondent-Appellant and Cross-Appellee, v. The Village of Greenwood, Petitioner-Appellee and Cross-Appellant).

Second District   Nos. 2—95—0034, 2—95—0053 cons.

Opinion filed September 22, 1995.

William I. Caldwell, Jr., of Caldwell, Berner & Caldwell, of Woodstock, and Jack M. Siegel, of Altheimer & Gray, of Chicago, for appellant.

Michael J. Chmiel and E. Regan Daniels Shepley, both of Zukowski, Rogers, Flood & McArdle, and Valeree D. Marek, of Garry & Marek, both of Crystal Lake, for appellee Village of Greenwood.

Richard J. Curran, Jr., and Scott A. Puma, both of Cowlin, Curran & Coppedge, of Crystal Lake, for Village of Wonder Lake.

JUSTICE BOWMAN delivered the opinion of the court:

Petitioners filed a petition pursuant to section 2—3—5 of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/2—3—5 (West 1994)) in the circuit court of McHenry County seeking to incorporate certain territory as the Village of Greenwood. The Village of Wonder Lake (Wonder Lake) and Chicago Title and Trust Company (CT&T) (collectively, the objectors) filed objections to the petition, contending that section 2—3—5 was unconstitutional. The circuit court overruled the objections and entered an order calling for an election to determine whether the territory should be incorporated as the Village of Greenwood. The objectors appeal from that order. We dismiss the objectors' appeal for lack of jurisdiction.

Petitioners are 35 electors residing in the territory sought to be incorporated as the Village of Greenwood (Greenwood), located in McHenry County. CT&T is the trustee for trust No. 1095386, which holds legal title to a 180-acre parcel of land located primarily outside Greenwood. However, this land includes a right-of-way underlying Wondermere Road, which is part of Greenwood. Wonder Lake is an incorporated village bordering Greenwood.

On November 23, 1994, petitioners filed a petition to incorporate Greenwood pursuant to section 2—3—5 of the Municipal Code (65 ILCS 5/2—3—5 (West 1994)), as amended by Public Act 88—544, effective June 14, 1994. Petitioners also filed a motion to set a hearing on the petition. CT&T and Wonder Lake objected to the petition. On December 7, 1994, CT&T filed its objections, claiming that section 2—3—5 was unconstitutional special legislation. CT&T also asserted that section 28—4 of the Illinois Election Code (Election Code) (10 ILCS 5/28—4 (West 1994)) was unconstitutional as applied in the present case because it violated due process and the separation of powers doctrine. On December 9, 1994, Wonder Lake intervened and filed its objections to the petition. Wonder Lake's objections mirrored those of CT&T. Petitioners filed responses to both sets of objections. The parties then stipulated that the facts in the petition were true and that the petition satisfied the requirements of section 2—3—5.

Also on December 9, 1994, the circuit court heard testimony and arguments regarding the objections. The circuit court then continued the proceedings until December 12, 1994. On that day, the circuit court ruled that section 2—3—5 was constitutional and that petitioners had satisfied its requirements. The circuit court then called for an election on the public question of the incorporation of Greenwood. The circuit court declined to rule on whether section 28—4 of the Election Code was constitutional.

On December 13, 1994, the circuit court issued a written order ef-

fective, *nunc pro tunc*, December 12, 1994. The order stated that section 2—3—5 of the Municipal Code was constitutional. The order overruled the objections filed by CT&T and Wonder Lake and called for an election submitting to the electors of Greenwood the question of incorporation to be held on April 4, 1995. The order also required the county clerk of McHenry County to "make returns" of the election to the circuit court.

On January 6, 1995, CT&T filed a notice of appeal from the circuit court's December 13, 1994, order. On January 9, 1995, Wonder Lake filed a notice of appeal. On January 17, 1995, petitioners filed a notice of cross-appeal. On petitioners' motion, this court consolidated the objectors' appeals.

On April 4, 1995, a majority of the electors in the territory sought to be incorporated as the Village of Greenwood voted in favor of incorporation. On April 11, 1995, the county clerk of McHenry County canvassed the electoral votes and certified the election results. In an April 25, 1995, order, the circuit court found that a majority of the votes cast in the election favored incorporation. This order also decreed that pursuant to section 2—3—6 of the Municipal Code, "the territory described in the petition is incorporated as a Village under the Illinois Municipal Code with the name 'Village of Greenwood.' "

There are two issues raised by the objectors' appeal: (1) whether section 2—3—5 of the Municipal Code (65 ILCS 5/2—3—5 (West 1994)), as amended by Public Act 88—544, effective June 14, 1994, constitutes unconstitutional special legislation; and (2) whether section 28—4 of the Election Code (10 ILCS 5/28—4 (West 1994)) is invalid as applied to the case at bar. There are three issues raised by petitioners' cross-appeal: (1) whether the December 13, 1994, order is a final order for purposes of appellate review; (2) whether the case is moot; and (3) whether the objectors have standing to object to the petition. Because we hold that the December 13, 1994, order is not a final order for purposes of appellate review, we need not address the remaining issues.

Initially, however, we must address certain motions ordered taken with the case. Wonder Lake moved to strike portions of petitioners' brief and appendices because they present information not contained in the record on appeal. Specifically, Wonder Lake objects to: appendix A (the circuit court's April 25, 1995, order entering into the record the results of the election and ordering that the territory described in the petition is incorporated as a village under the Municipal Code); appendix B (April 11, 1995, certificate of canvass results and abstract of votes by McHenry County clerk); appendix C (selected pages of the McHenry County Land Use Plan Year 2010

Update); appendix D (Illinois 1990 census data); appendix E (circuit court's May 1, 1995, order appointing certain individuals to fill certain vacancies in elective offices of the Village of Greenwood); and appendix F (Senate Bill 949). Petitioners have filed a motion pursuant to Supreme Court Rule 329 (134 Ill. 2d R. 329) for leave to amend the record. Wonder Lake has objected to this motion. The material subject to Wonder Lake's motion to strike is the same material with which petitioners seek to supplement the record.

■ We grant in part and deny in part both Wonder Lake's and petitioners' motions. We grant petitioners leave to supplement the record with appendices A, B, and E, since the documents contained therein are court documents entered subsequent to the December 13, 1994, order which will help this court to decide this case. However, we deny petitioners leave to supplement the record with appendices C, D, and F, since the circuit court apparently did not consider this information prior to issuing its December 13, 1994, order. (See *Knight's Prairie Hunting Club, Inc. v. Holmes* (1994), 263 Ill. App. 3d 455, 458.) We grant Wonder Lake's motion to strike in part these appendices along with any references thereto in petitioners' briefs.

We now address whether this court has jurisdiction over the matter. The objectors have appealed from the circuit court's December 13, 1994, order overruling their objections to the petition and calling for the question of the incorporation of Greenwood to be put to an election. Relying principally on *In re Organization of the Fox Valley Community Airport Authority* (1974), 23 Ill. App. 3d 168, petitioners maintain that this court lacks jurisdiction because the circuit court's order is not final and appealable. The objectors reply that the order is final and appealable because it conclusively determined their rights. The objectors reason that the subsequent election and canvassing of the results did not affect their rights because the December 13, 1994, order eliminated their standing to contest any subsequent matters.

■ The jurisdiction of this court is limited to the review of appeals from final judgments or orders, subject to statutory or supreme court exceptions. (*In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 553.) The policy of limiting appellate jurisdiction to review appeals from final judgments is to prevent a multiplicity of lawsuits and piecemeal appeals and because a complete disposition in the trial court may make an appeal moot. *Kinkin v. Marchesi* (1991), 213 Ill. App. 3d 176, 178; *Fox Valley*, 23 Ill. App. 3d at 170.

■ The objectors cite as the basis for jurisdiction Supreme Court Rule 301, which provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right." (155 Ill. 2d R. 301.)

An order is final and appealable when it terminates the litigation between the parties on the merits or disposes of the rights of all the parties in regard to the entire controversy or some definite part thereof. (*Madison Mutual Insurance Co. v. Universal Underwriters Group* (1993), 251 Ill. App. 3d 13, 14; *In re Marriage of Zymali* (1981), 94 Ill. App. 3d 1145, 1147-48; *Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1980), 85 Ill. App. 3d 859, 864.) An order which leaves a cause still pending and undecided is not a final order. (*In re Guzik* (1993), 249 Ill. App. 3d 95, 98; *Kinkin*, 213 Ill. App. 3d at 178.) However, an order is final where matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the order. *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 417.

■ An order calling for an election on a public question is not final and appealable if the statute authorizing the election also requires the trial court to record the results of the election. (*Fox Valley*, 23 Ill. App. 3d at 170-71.) In *Fox Valley*, a number of electors filed a petition to incorporate the Fox Valley Community Airport Authority pursuant to "An Act in relation to airport authorities" (Airport Authorities Act) (Ill. Rev. Stat. 1973, ch. 15$^1$/$_2$, par. 68.1 *et seq.* (now 70 ILCS 5/1 *et seq.* (West 1994))). The Airport Authorities Act provides the procedures to be employed when attempting to incorporate an airport authority. At the time the petition was filed in *Fox Valley*, those procedures provided that, to incorporate an airport authority, a valid petition of incorporation must be filed with the circuit court; the circuit court must order the proposition of incorporation to be submitted to the electors; and the circuit court must determine and declare the results of the election and cause the results to be filed of record in the proceedings of the circuit court. (See Ill. Rev. Stat. 1973, ch. 15$^1$/$_2$, pars. 68.2a, 68.2b, 68.2c.) In *Fox Valley*, certain parties objected to the petition. The circuit court found the petition adequate and ordered an election to take place. The objectors apparently appealed from this order. *Fox Valley*, 23 Ill. App. 3d at 169.

The appellate court held that it lacked jurisdiction to hear the appeal. The court reasoned:

> "The substance of and purpose of the proceedings in the instant case are for the creation of an airport authority which is not effected, at least until the vote is canvassed. This is the real relief the petitioners seek. The election is but one of the steps in the process of bringing into existence the Authority and until the process is concluded there can be no finality." (*Fox Valley*, 23 Ill. App. 3d at 171.)

The court therefore concluded that the order calling for the election was not final and appealable. *Fox Valley*, 23 Ill. App. 3d at 169.

■ The procedures for incorporation of a village at issue in the present case substantially mirror the procedures for incorporation of an airport authority at issue in *Fox Valley*. Petitioners instituted these proceedings under sections 2—3—5 and 2—3—6 of the Municipal Code (village incorporation provisions) (65 ILCS 5/2—3—5, 2—3—6 (West 1994)). Pursuant to these sections, a territory becomes an incorporated village if a valid petition is filed with the circuit court; the circuit court enters an order submitting the issue of incorporation to the electors; a majority of the votes cast favor incorporation; and the result of the election is entered of record in the circuit court. (See 65 ILCS 5/2—3—5, 2—3—6 (West 1994).) Thus, both the Airport Authorities Act and the village incorporation provisions of the Municipal Code require the circuit court to enter an order calling for an election if the petition is valid, and then to enter of record the results of the election. Incorporation does not occur until the circuit court enters the results. Compare 65 ILCS 5/2—3—5, 2—3—6 (West 1994) with Ill. Rev. Stat. 1973, ch. 15$^{1}$/$_{2}$, pars. 68.2a, 68.2b, 68.2c.

Consequently, the circuit court's December 13, 1994, order calling for an election did not finally decide the rights of the parties and is not a final and appealable order. The purpose of the present proceedings is to incorporate Greenwood. As in *Fox Valley*, incorporation does not occur unless and until the result of the election is entered of record in the circuit court. The calling of the election is merely one step in the process of incorporation. Until this process is concluded, there is no finality to the circuit court's order overruling the objections and calling for an election, even though that order may have terminated the right of CT&T and Wonder Lake to object to the petition. As such, the circuit court's order of April 25, 1995, finding that a majority of the votes cast in the election favored incorporation and ordering that the territory be incorporated as the Village of Greenwood, cannot be considered incidental to the rights decided by the December 13, 1994, order. Accordingly, the December 13, 1994, order overruling the objections and calling for an election is not a final order for purposes of appellate review. See *Fox Valley*, 23 Ill. App. 3d at 170-71.

Our conclusion is supported by the underlying purpose of Supreme Court Rule 301. As we noted above, the rule is designed to prevent piecemeal appeals, particularly where a complete disposition in the circuit court may make the appeal moot. (See *Fox Valley*, 23 Ill. App. 3d at 170.) Here, the objectors do not claim that an order

calling for an election provides that the territory will necessarily become incorporated. Nor could they, because a majority of the votes cast in the election may not be in favor of incorporation. Thus, an appeal taken from an order calling for an election would be moot if the majority of the votes cast in the subsequent election do not favor incorporation. It is precisely this type of scenario that Supreme Court Rule 301 is intended to prevent. The fact that this scenario did not occur here weakens neither the rationale of, nor our adherence to, the rule.

Wonder Lake argues that *Fox Valley* is inapplicable to the case at bar because: (1) in *Fox Valley*, there was no provision for an objection to the petition to incorporate; and (2) in *Fox Valley*, there was the concern that an intermediate appeal would unduly delay a final determination by the trial court. We will address each argument separately.

Wonder Lake first attempts to distinguish *Fox Valley* on the ground that the Airport Authorities Act did not contain a provision permitting an objection to the petition to incorporate, whereas here the circuit court properly entertained the objections. We disagree with Wonder Lake's assertion, raised during oral arguments, that the circuit court in *Fox Valley* disallowed the objections because there was no provision in the Airport Authorities Act which permitted parties to make objections to a petition. *Fox Valley* is silent as to whether the circuit court disallowed, dismissed, or overruled the objections to the petition. (23 Ill. App. 3d at 169.) In short, there is nothing in *Fox Valley* to support Wonder Lake's assertion that the circuit court disallowed the objections to the petition because the Airport Authorities Act did not contain a provision permitting objections.

Even assuming, *arguendo*, that the objections were not properly entertained in *Fox Valley*, Wonder Lake still does not explain why this alleged distinction makes reliance on *Fox Valley* inappropriate. Wonder Lake's attempt to distinguish *Fox Valley* consists of the following two sentences:

> "In *Fox Valley*, there was no provision for an objection to the petition to incorporate. Here, however, the trial court properly entertained the objections of Chicago Title & Trust Company, as Trustee under Trust Number 1095386 and the Village of Wonder Lake."

This reasoning is incomplete at best and superficial at worst. It fails to explain, in even the most cursory fashion, why this claimed distinction between the statutes is relevant. It is well settled that a reviewing court is entitled to have the issues clearly defined with pertinent

authority cited and cohesive arguments presented, and the reviewing court may deem waived arguments not adequately presented on appeal. (*E.g., Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.* (1987), 118 Ill. 2d 389, 401; see also *In re Marriage of Winton* (1991), 216 Ill. App. 3d 1084, 1090 ("The appellate court is not a depository in which [a party] may drop the burden of argument and research").) Thus, we could properly deem this argument waived. See *Spinelli*, 118 Ill. 2d at 401.

Due to its importance, however, we will not consider the argument waived. Nevertheless, our own review of the matter convinces us that this claimed distinction is irrelevant. In fact, we are unable even to articulate how this alleged distinction materially undermines *Fox Valley*'s applicability to the case at bar. In the absence of any persuasive reason to do so, we decline to distinguish *Fox Valley* on this ground.

Wonder Lake next attempts to distinguish *Fox Valley* on the ground that the court in *Fox Valley* was concerned that an intermediate appeal would unduly delay a final determination by the circuit court. Wonder Lake reasons that because this appeal did not delay any final determination by the circuit court, *Fox Valley* does not control. Again, we disagree. Although the court in *Fox Valley* may have been concerned that an intermediate appeal would unduly delay a final determination by the circuit court, it did not emphasize this as a factor in its holding. Moreover, the court in *Fox Valley* was also concerned with permitting appeals to proceed where a complete disposition in the circuit court could make the appeal moot. As in *Fox Valley*, this concern is implicated here. As we explained above, when the circuit court entered the December 13, 1994, order, a majority of the votes to be cast in the election could have been against incorporation, thereby rendering this appeal moot and frustrating an important purpose of Supreme Court Rule 301. We therefore decline to distinguish *Fox Valley* on this ground.

Perhaps realizing that *Fox Valley* is not distinguishable from the present case, CT&T argues that *In re Incorporation of the City of Prospect Heights* (1979), 79 Ill. App. 3d 378, controls this case. In *Prospect Heights*, a petition was filed to incorporate the City of Prospect Heights pursuant to section 2—2—6 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 2—2—6 (now 65 ILCS 5/2—2—6 (West 1994))). Certain parties filed objections to the petition, and the circuit court overruled the objections and ordered an election to be held on the question of incorporating the city. The objectors appealed, and the appellate court reviewed the merits of the order. (*Prospect Heights*, 79 Ill. App. 3d at 379-80.) CT&T apparently urges this court

to conclude that *Prospect Heights* stands for the proposition that an order calling for an election is final and appealable.

CT&T's reliance on *Prospect Heights* is misplaced. Admittedly, the situation in *Prospect Heights* is factually similar to the situation here. However, the issue of the appellate court's jurisdiction was never raised in *Prospect Heights*, much less decided. We are therefore unwilling to rely upon that case as authority for the proposition that an order calling for an election is final and appealable absent some indication that the court in *Prospect Heights* considered whether it had jurisdiction.

Alternatively, CT&T argues that the situation in the present case is analogous to proceedings to annex territory under the annexation provisions of the Municipal Code (65 ILCS 5/7—1—1 *et seq.* (West 1994)). According to CT&T, the annexation provisions require the circuit court to determine the validity of the petition and then direct the question of annexation to the municipality or to the electors. Relying on several cases for the proposition that an unsuccessful objector in an annexation proceeding has the right to appeal the overruling or dismissal of his objections (see, *e.g., In re Annexation to the Village of Green Oaks* (1978), 58 Ill. App. 3d 842; *In re Petition to Annex Certain Territory to the Village of Mettawa* (1961), 33 Ill. App. 2d 38), CT&T urges this court to conclude that as an unsuccessful objector it had the right to appeal the circuit court's December 13, 1994, order overruling its objections.

This argument is meritless. CT&T fails to appreciate the fundamental difference between the annexation provisions and the village incorporation provisions of the Municipal Code. In the annexation provisions, the circuit court's role ends when it grants the petition and directs that the question of annexation be submitted to the corporate authorities of the annexing municipality or to the electors of the unincorporated territory for final action. (See 65 ILCS 5/7—1—4 (West 1994).) The circuit court is not required to declare the results of the election and enter the results into the record. In contrast, the circuit court's role under the village incorporation provisions does not end when it enters an order calling for an election. The circuit court must also declare the results of the election and enter the results of the election. (See 65 ILCS 5/2—3—6 (West 1994).) Thus, we decline CT&T's invitation to hold that the December 13, 1994, order is a final order merely because similar orders issued pursuant to the annexation provisions of the Municipal Code are final.

In one final attempt to convince this court that we may exercise jurisdiction over this case, CT&T asserted during oral arguments that the December 13, 1994, order is final and appealable because the

order is termed a "final order" under section 28—4 of the Election Code (10 ILCS 5/28—4 (West 1994)). Section 28—4 provides in pertinent part:

> "Objections to petitions for the submission of public questions which are required by law to be filed with the circuit court shall be presented to and heard by the court with which such petitions are filed. In such cases, unless otherwise provided in the statute authorizing the public question, the court shall (1) set a hearing on the petition, (2) cause notice of such hearing to be published, as soon as possible after the filing of the petition but not later than 14 days after such filing and not less than 5 days before the hearing, in a newspaper of general circulation published in the political subdivision to which the public question relates and if there is no such newspaper, then in one newspaper published in the county and having a general circulation in the political subdivision, (3) conduct such hearing and entertain all objections as may be properly presented on or before such hearing date in the manner as provided in Article 10 for the conduct of proceedings before electoral boards, insofar as practicable, (4) conduct further hearings as necessary to a decision on the objections properly raised, and (5) *enter a final order* not later than 7 days after the initial hearing." (Emphasis added.) (10 ILCS 5/28—4 (West 1994).)

According to CT&T, because the circuit court issued the December 13, 1994, order pursuant to section 28—4, that order must have been a "final order" as mandated by that section and, hence, a final order for purposes of appellate review.

We disagree. Section 28—4 imposes procedural requirements on the circuit court and the parties regarding objections to a petition. A "final order" issued pursuant to section 28—4 is a final order only as it relates to these procedural requirements; it does not necessarily constitute a final order for purposes of conferring jurisdiction on an appellate court. Whether an order is final for purposes of appellate court jurisdiction is determined by the substance, as opposed to the form, of the order. (*Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 705.) As we explained above, the substance of the December 13, 1994, order was such that it was nonfinal for purposes of appellate review. Hence, even though it was issued pursuant to section 28—4, the December 13, 1994, order is not final and appealable.

Parenthetically, we note that Wonder Lake urges us to decide the merits of the case even if we conclude that the December 13, 1994, order is not final and appealable. The circuit court observed that "I think this is a final appeal [*sic*] order if you [the objectors] want to appeal it." Given these observations, Wonder Lake apparently believes that general principles of fairness mandate that we

476

should review the remaining issues on appeal. However, the mere fact that the circuit court states that an order is appealable does not make it so (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 1020), and our jurisprudence does not permit us to decide an issue if we lack jurisdiction. (See *People v. King* (1988), 170 Ill. App. 3d 409, 416.) We therefore decline to address the merits of the case merely because the circuit court believed its order was final and appealable.

In conclusion, this court lacks jurisdiction to hear the appeal under Supreme Court Rule 301. Petitioners' motion to supplement the record is granted in part and denied in part. Wonder Lake's motion to strike petitioners' appendices is granted in part and denied in part. We express no opinion as to the remaining issues on appeal.

For the foregoing reasons, the appeal is dismissed.

Dismissed.

THOMAS and HUTCHINSON, JJ., concur.