**John E. Robinson, Plaintiff-Appellant, v. City of Geneseo, Illinois, Defendant-Appellee.**

**Gen. No. 66–40.**

Third District.

December 15, 1966.

Stewart R. Winstein and Dorothea O'Dean, of Rock Island, for appellant.

Andrews & Andrews, of Kewanee, for appellee.

ALLOY, J.

This cause is before us on appeal by plaintiff John E. Robinson from an order entered by the Circuit Court of Henry County granting the motion of City of Geneseo, Illinois, to dismiss plaintiff's complaint. The complaint sought a declaratory judgment that plaintiff was entitled to serve as chief of police of the City of Geneseo until November 14, 1966, in accordance with a contract dated December 26, 1963, for a three-year term and for other relief. The order entered in the trial court from which this appeal is taken, ordered specifically that the complaint be stricken and further ordered that plaintiff have leave to amend his complaint within 20 days.

Defendant has filed in this Court a motion to dismiss the appeal on the ground that such order was not a final order from which an appeal can be taken.

 As we have said in another case determined at this time, our jurisdiction is limited to reviewing appeals from final judgments of the trial courts except in those specific cases where appeals from interlocutory orders are permitted by Supreme Court Rule. The judgment or order must terminate the litigation between the parties so that, if affirmed, the trial court has only to proceed

---

* See Callaghan's Illinois Digest, same topic and section number.

with the execution of the judgment (Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371). As we indicated, the purpose of the rule is to prevent a multiplicity of suits and piecemeal appeals. We concluded that trial orders which simply dismiss or strike the complaint, which if affirmed might result in a filing by plaintiff of a new suit or an amended complaint arising from the same transaction, are not deemed to be final and appealable basically because they have not terminated the litigation between the parties. We pointed out that if a plaintiff desires to stand by his complaint after its dismissal he should so indicate to the trial court so that words indicating the finality of the judgment can be entered for the defendant. Such judgment, if affirmed, can be used in bar of future suits by plaintiff as against defendant arising out of the same transaction (Aetna Plywood & Veneer Co. v. Robineau, 336 Ill App 339, 83 NE2d 896; Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill 200, 75 NE 473).

█ In the objections to the motion to dismiss filed in this Court, plaintiff has indicated that he has moved for a nunc pro tunc order in the trial court seeking to make the order of the trial court a final order. So far as the record before us discloses, no such final order has been entered pursuant to the provisions of chapter 110, section 92(1)(e) of Illinois Revised Statutes. Under the record before us, therefore, we feel we should follow the precedent of Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787, in which our Supreme Court determined that the procedure which is more desirable and more equitable would be to dismiss the appeal with a specific declaration that if the trial court, upon application of appellant, sees fit to enter a judgment which is final and conclusive, this Court on appeal from such judgment would deem it unnecessary to have the parties reprint their briefs and will decide the appeal on the record as thus supplemented and on the briefs filed in this cause.

310

The motion to dismiss the appeal will, therefore, be granted with the understanding that should the trial court enter a final order in this cause upon application of the parties hereto, and if there should be an appeal from that order, this court would deem it unnecessary to have the parties reprint their briefs and will decide such appeal upon the record, the abstracts and briefs as submitted in this cause as thus supplemented.

Appeal dismissed with directions.

CORYN, P. J. and STOUDER, J., concur.