People of the State of Illinois ex rel. John J. Stamos, State's Attorney of Cook County, Plaintiff-Appellee, v. 1965 Chevrolet Chevy II, Serial No. 113355N152337 (Fletcher Galloway and Edna Galloway), Defendant-Appellant.

Gen. No. 52,421.

First District, Fourth Division.

July 31, 1968.

Lucas T. Clarkston, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, and James R. Burgess, Jr., Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from a judgment entered by the Circuit Court of Cook County on March 17, 1967, finding that a 1965 Chevrolet was used in the commission of a criminal offense and was lawfully seized by police officers in the City of Chicago, and that the said Chevrolet was adjudged forfeited. A complaint had been filed which set out the following:

> The plaintiff, by JOHN J. STAMOS, State's Attorney of Cook County, pursuant to Criminal Code of 1961 (as amended), Chapter 38, Section 36-1, 2(a), relates:
>
> (1) That on or about January 13, 1967 police officers of the CITY OF CHICAGO having reason-

able grounds to believe that the vehicle identified as: 1965 CHEVROLET, CHEVY II, Serial No. 113355N152337, while in possession and control of one FLETCHER GALLOWAY, was being used in the commission of an offense prohibited by Criminal Code of 1961 (as amended) Chapter 38, Section 28–1a8 (Gambling) did seize such vehicle and delivered it forthwith to the Sheriff who gave notice to JOHN J. STAMOS, State's Attorney, and to the following named persons whose right, title, or interest was of record in the office of the Secretary of State:

Fletcher Galloway, 7139 S. Rhodes Avenue, Chicago, Illinois 60619

Edna Galloway, 7139 S. Rhodes Avenue, Chicago, Illinois 60619

General Motors Acceptance Corp., 10046 S. Western Ave., Chicago, Ill. 60643.

all pursuant to the statutes made and provided.

• • • • • •

(3) That such hereinbefore identified vehicle was used in the commission of a criminal offense either by the owner thereof or with his knowledge or consent by a person in possession and control of vehicle.

The plaintiff prayed that the vehicle be declared forfeited and sold at public auction; that all rights, interest and title of each of the parties claiming an interest in the vehicle be terminated.

With leave of the court the defendants, Fletcher and Edna Galloway, filed an answer in which they admitted that they were the owners of the vehicle in question but denied that on January 13, 1967, or at any other time, police officers of the City of Chicago had any reasonable grounds for believing that the automobile was being used in the commission of gambling in violation of section 28–

203

1(a) (8), chapter 38 of the Criminal Code of 1961, or any other offense against the laws of the State of Illinois.

Fletcher and Edna Galloway (the parties in whose behalf the instant appeal was taken) then filed a motion to dismiss the above-entitled action for the reason that the cause of action stated in the complaint was barred by a prior finding and judgment of the Circuit Court, and in support of their motion filed suggestions in which they set out that on January 13, 1967, the case of People of the State of Illinois v. Fletcher Galloway was heard in a preliminary hearing before a judge of the court, at which hearing the court found that the evidence presented before the court was "policy result tickets and not records of bets and not within the prohibition of Chapter 38, Section 28–1(a–8) of the Criminal Code of 1961"; that the court, after hearing evidence, held that there was not sufficient evidence presented to hold defendant Fletcher Galloway to the Grand Jury. Subsequently, on March 17, 1967, the instant complaint was tried before a judge of the court, and the motion to dismiss was denied.

The first contention made in this court by the defendant is that the complaint was insufficient. Section 36–1, chapter 38, Ill Rev Stats 1961, provides:

> Any vessel, vehicle or aircraft used in the commission of an offense prohibited by Section 9–1, 10–2, 18–2, 19–1, 19–2, 20–1, 20–2 or 28–1 of this Code as heretofore or hereafter amended, . . . may be seized and delivered forthwith to the sheriff of the county of seizure.

Section 28–1 of the above statute provides:

> (a) A person commits gambling when he:
>
> . . . . . .
>
> (8) Sets up or promotes any policy game or sells, offers to sell or knowingly possesses or transfers any policy ticket, or other similar device; . . .

The plaintiff argues that the complaint fails to set out the nature and elements of the offense and that it fails to set out the fact that the vehicle was used in the commission of a prohibited offense. However, paragraph 3 of the complaint specifically sets out that the vehicle was used in the commission of a criminal offense and that it was in violation of section 28–1(a) (8), gambling.

■■ It has been held that pleadings shall contain a plain and concise statement of the pleader's cause of action and are to be liberally construed. Burr v. State Bank of St. Charles, 344 Ill App 332, 100 NE2d 773; c 110, §§ 33, 42, Ill Rev Stats 1965.

■■ The case before us is civil in form, although criminal in nature, and it has been held that the application of provisions of the Civil Practice Act is proper. Village of Maywood v. Houston, 10 Ill2d 117, 139 NE2d 233. From the answer filed by the defendants, there is no question that they understood the charges which were made against them in the complaint. The complaint was sufficient.

■■ The defendants further argue that the instant action was barred by the prior action in which defendant Fletcher Galloway was discharged. However, we must consider that the ruling in the prior finding, refusing to hold defendants to the Grand Jury, is not a final order, is nonappealable, and does not in any manner affect or determine any subsequent proceeding. People v. Jones, 9 Ill2d 481 at 482, 138 NE2d 522; People v. Rinks, 80 Ill App2d 152 at 158, 224 NE2d 29; and People v. Bonner, 37 Ill2d 553 at 559, 229 NE2d 527. The cases cited by defendants in support of this contention are not applicable. The court properly denied the motion to dismiss.

Police Officer Daniel Nagle testified that on January 13, 1967, he arrested defendant Fletcher Galloway for not having a turn signal and traveling too fast for conditions; that when he asked the defendant what he did for a living he said he was a policy runner; that he found

■■■■■■■■■■■■■■■■

policy slips on the seat of the car, and arrested the defendant. Officer Nagle stated that half the slips were on the seat and half were in the defendant's coat pocket; that the slips had information on them showing "results of a drawing in a Room Board policy board." The policy slips were admitted in evidence over the objection of the defendant. On cross-examination Officer Nagle stated that he assumed the slips of paper were policy slips; that he had never heard them referred to as policy tickets and did not know what a policy ticket was.

The plaintiff then rested its case in chief. Counsel for defendant moved for a finding in favor of the defendant, which motion was overruled, and counsel for defendant then moved that the case be continued until Friday, March 17, so that he could bring in additional evidence. The court said:

> "I want to complete the case when it should be completed. In fact, I have the right to say I am not going to give you any additional time. I asked you this morning if you were ready and you insisted on a trial and I gave it to you. But, I'll give you additional time with the provision that if the State needs any additional evidence or have to recall the officer, it will be continued again at that date."

The court then set the case for Friday, March 17, at 2:00 p. m. On that date counsel for defendant rested without putting in any evidence. Counsel for plaintiff asked to introduce additional evidence. There was some discussion and argument about whether the stipulation was that broad, and the court held (and we think properly) that it was.

Thereupon the plaintiff called Allen Watson as a witness, who testified that he had been employed by the Chicago Police Department for five and a half years, and was assigned to the gambling unit; that his experience had been in policy operations. He identified a box as a

206

keg or pill box which he said was used in pulling winning numbers in policy operations. He stated that the keg was spun and a chosen player pulled numbers from the keg; that the numbers were in rubber cylinders called pills; that the number of pills in a keg might vary from 26 to 78 at a time. The witness further testified that plaintiff's Exhibit 1, which was one of the slips taken from the defendant, was a policy ticket without which it is not possible to have a policy operation because it shows the printed results of the winning numbers, and that any person who holds a receipt of a bet placed can look at the bet and at the ticket to see if he has won. He stated that plaintiff's Exhibit 1, the policy ticket found in defendant's car, showed the result of a drawing; that if a person had only the tickets in his possession he could not be said to be a part of a policy operation. The officer was then asked:

> "Based on your experience in policy operations, an individual who admitted to you that he was a policy runner and if he had that number of policy slips in his possession, a policy runner with that number of slips in his possession, is it possible he would be promoting a policy game?"

The answer was, "He would be said to, yes." The witness further testified that the slip in question represents a policy ticket and is referred to here as a result slip. He did not know that such papers are referred to as policy tickets.

█ When the testimony of the officer is considered in full, it would clearly indicate that the slips found in the possession of defendant Fletcher Galloway and introduced in evidence were an essential part of a policy operation, and "would be promoting a policy game." Also, the statute provides that a person commits gambling when he "knowingly possesses or transfers any policy ticket, or other similar device." Whether or not we call

the papers in question "policy tickets" they are certainly a "similar device" under the evidence adduced, and the State proved its case by a preponderance of evidence.

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.