FOREST R. CLARK, Plaintiff-Appellant, v. STATE POLICE MERIT BOARD OF THE STATE OF ILLINOIS et al., Defendants-Appellees.

(No. 11479;

Fourth District—April 27, 1972.

Waaler & Evans, of Champaign, (Jack Waaler, of counsel,) for appellant.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel,) for appellees.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Champaign County upholding plaintiff's 10 days' suspension imposed by the State Police Merit Board. Plaintiff, a state trooper, was suspended by the superintendent for violation of certain rules of the division (Rule 63.160, Insubordination; Rule 63.200, Unofficial Communications; Rule 63.210, Failure to File a Written Report; and Rule 63.230, Official Communication Through Proper Channels). The State Police Merit Board, after hearing, found plaintiff guilty of violation of such rules and suspended him for 10 days. The circuit court, upon review under the Administrative Review Act, reversed certain findings and sustained others. It affirmed the 10 day suspension.

While neither party has raised the question, it is the duty of an appellate court first to determine that an appeal properly lies to it before going into the merits and evidence of the case. The actions here taken were pursuant to Ill. Rev. Stat., ch. 121, sec. 307.13. The action of the Superintendent of State Police, and the State Police Merit Board in connection with disciplinary rules and regulations of state police are set forth in that statute. No provision is made by this section of statute for application of the Administrative Review Act to actions under said section, although Section 14 (Ill. Rev. Stat., ch. 121, sec. 307.14) provides for application of the Administrative Review Act to orders of the board "rendered pursuant to the provisions of this section".

Thus, the Administrative Review Act is expressly applicable to Section 14. It is not applicable either expressly or by any rule of statutory construction to Section 13. Thus, the circuit court was without jurisdiction on review and we have no jurisdiction of this appeal.

Appeal dismissed.

SMITH and SIMKINS, JJ., concur.