Guy C. Irvin, Plaintiff-Appellee, *v.* Thomas Poe, Defendant-Appellant.

(No. 12452; )

Fourth District—April 10, 1974.

Jack C. Vieley, of Peoria, for appellant.

No appearance for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On June 1, 1973, plaintiff filed a small claims complaint against defendant, Thomas Poe, in the Macon County circuit court. On June 27, 1973, defendant filed a special and limited appearance pursuant to section 20 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 20), for the purpose of objecting to the court's jurisdiction over defendant's person, alleging that defendant has never been a resident of Macon County but has always been a resident of Tazewell County and that defendant has never had any business dealings with plaintiff in Macon County. On August 17, 1973, the trial court overruled defendant's motion. It is from that denial that this appeal is taken. We dismiss for want of a final and appealable order.

██ In order for this court to have jurisdiction the order of the circuit court from which an appeal is taken must be a final order. (Ill. Rev. Stat. 1971, ch. 110A, par. 301.) Accordingly, a final order must terminate the litigation between parties on the merits or dispose of the rights of the parties upon the entire controversy or some definite part thereof.

(*Brauer Machine and Supply Co. v. Parkhill Truck Co.*, 383 Ill. 569, 50 N.E.2d 836; *Sebree v. Sebree,* 293 Ill. 228, 127 N.E. 392.) The order in this case neither terminates the litigation between the parties on the merits nor does it settle the rights of the parties in any respect. It also does not fall within any of the exceptions to the final judgment rule contained in Supreme Court Rules 306, 307, and 308 (Ill. Rev. Stat. 1971, ch. 110A, pars. 306-308). Furthermore, the Fifth District has specifically stated that the denial of a motion made under section 20 of the Civil Practice Act for the purpose of objecting to the personal jurisdiction of the court over the defendant is not a final order or judgment and is not appealable. *People ex rel. Department of Public Health v. Brown,* 96 Ill. App.2d 355, 239 N.E.2d 144.

For the reasons above stated the appeal is dismissed for want of a final order.

Appeal dismissed.

SMITH, P. J., and CRAVEN, J., concur.