ISADORE COHEN *et al.*, Plaintiffs-Appellants, *v.* STERLING NURSING HOME, INC., *et al.*, Defendants-Appellees.

First District (5th Division) No. 77-275

Opinion filed January 13, 1978.

Teitelbaum, Wolfberg, Guild & Toback, of Chicago, for appellants.

Meyer H. Weinstein, of Chicago, for appellee Bernard Meyers.

Theodore P. Fields, of Chicago, guardian ad litem for Eli Cohen.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs, minority shareholders in Sterling Nursing Home, Inc., initially brought this action in 1969 to dissolve the corporation and distribute its assets. A guardian ad litem was appointed in the proceedings to represent the interests of Eli Cohen, son plaintiff Joseph D. Cohen, and grandson of defendant Bernard Meyers, the majority shareholder. In 1971, a consent decree was entered in the case wherein the parties stipulated to a certain resolution of the controversy. The decree further recited that the court retained jurisdiction as to certain matters, including a determination of property pledged on behalf of the minor.

In 1974, a petition was filed by the guardian ad litem to determine the reserved matters. Plaintiff Joseph D. Cohen answered the petition individually and on behalf of the estate of plaintiff Isadore Cohen. Thereafter, defendant Bernard Meyers answered the guardian's petition, requesting that determinations be made with respect to certain trust funds and properties, as well as relief against Cohen for sums Meyers allegedly expended to support the minor. Plaintiff Cohen then filed a motion for leave to file a "special and limited appearance" for the purpose of contesting jurisdiction of the court over himself as to matters contained in Meyers' answer. The trial court denied Cohen's motion, and in its order stated: "[T]his becomes a final and appealable order." Cohen appeals from the order.

We dismiss for want of a final and appealable order.

■ ■ It is the duty of an appellate court first to determine whether an appeal properly lies to it, even though the question has not been raised by either party. *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278; *In re Organization of Fox Valley Community Airport Authority* (1974), 23 Ill. App. 3d 168, 318 N.E.2d 496; *Clark v. State Police Merit Board* (1972), 5 Ill. App. 3d 332, 282 N.E.2d 220.

In order for this court to have jurisdiction of the subject matter of an appeal, the order of the circuit court from which an appeal is taken must be a final order. (Ill. Rev. Stat. 1973, ch. 110A, par. 301.) A final order is one which either terminates the litigation between parties on the merits or disposes of the rights of the parties upon the entire controversy or some definite part thereof. *South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 254 N.E.2d 448; *Irvin v. Poe* (1974), 18 Ill. App. 3d 555, 310 N.E.2d 32.

■ ■ ■ The order appealed from in the instant case neither terminates

the litigation on its merits nor settles the rights of the parties in any respect. It is not a final order. Neither is it within any of the exceptions to the final judgment requirements contained in Supreme Court Rules 306, 307 and 308. (Ill. Rev. Stat. 1973, ch. 110A, pars. 306-308.) We would further note that the inclusion of the special finding in the trial court's order cannot confer appellate jurisdiction if the order is in fact not final. *Martino v. Barra* (1967), 37 Ill. 2d 588, 229 N.E.2d 545.

Moreover, it has been specifically held that denial of a motion to file a special and limited appearance is not a final, appealable order. *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 344 N.E.2d 461; *Irvin v. Poe.*

Accordingly, the appeal is dismissed for want of a final, appealable order.

Appeal dismissed.

SULLIVAN, P. J., and WILSON, J., concur.