THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* JOHN A. HUTTER *et al.*, Defendants-Appellants.

First District (5th Division)   No. 77-1427

Opinion filed March 10, 1978.—Rehearing denied March 30, 1978.

John A. Hutter, of Chicago, for appellants, *pro se.*

No brief filed for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendants appeal from an order of the circuit court dismissing their prior appeal, pursuant to Supreme Court Rule 309.

No appellee brief has been filed, but we have decided to consider this appeal on its merits under the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131, 345 N.E.2d 493, 494, in which it was said "[a] considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal."

It appears that defendants filed a notice of appeal on May 4, 1977, from an order allegedly entered on that date denying their motion to dismiss plaintiff's complaint. No record was ever filed in this court following that notice of appeal and, on motion of plaintiff, the trial court dismissed that appeal on August 26, 1977. That order, from which this appeal was brought, recites as follows:

> "This cause coming to be heard on the motion of the City of Chicago * * * to dismiss the appeal filed herein; and it appearing

to the Court that on May 4, 1977, a Notice of Appeal was filed and that more than 35 days have passed after the expiration of the original or extended time to file the record in the reviewing court and no motion for extension of time has been filed in that court, and that the record has not been filed in that court, and the Court having been fully advised in the premises;

IT IS ORDERED that the appeal in this cause is dismissed pursuant to Rule 309 of the Illinois Supreme Court. It is further ordered that the appeal bond be forfeited."

Rule 309 in pertinent part provides:

"Before a case is docketed in the reviewing court, the trial court may dismiss the appeal of any party * * * (3) if 35 days have passed after the expiration of the original or extended time to file the record in the reviewing court and no motion for extension of time has been filed in that court." Ill. Rev. Stat. 1975, ch. 110A, par. 309.

■■ The record on appeal binds the parties and also controls the reviewing court in its consideration of the appeal. (*Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 280 N.E.2d 437.) It is the responsibility of appellant to see that the record is complete, to enable the reviewing court to resolve the questions raised. (*People v. Fochs* (1976), 40 Ill. App. 3d 966, 353 N.E.2d 326; *Cohen v. Washington National Insurance Co.* (1971), 2 Ill. App. 3d 149, 276 N.E.2d 6.) After their notice of appeal of May 4, 1977, defendants requested no extensions of time and filed no record in this court. Thus, absent any extenuating circumstances, the trial court, under the provisions of Rule 309, properly dismissed that appeal.

In their brief, however, defendants suggest the existence of such circumstances. They state that the trial court entered an order on May 4, 1977, denying their motion to dismiss plaintiff's action; that when defendant Hutter filed a notice of appeal that same day, he requested the clerk to prepare the record; that later he was informed the record could not be prepared because there was no May 4, 1977, order in the court file; and that the trial judge then refused to sign a substitute order prepared and sent to him by Hutter. Substantially the same allegations were made in defendants' unverified pleading in opposition to the motion to dismiss. The record, however, is void of any support for either the allegations in defendants' unverified pleading or in the gratuitous statements in their brief. The record contains only the order appealed from, three notices of appeal, and the unverified pleading. Assertions in an appellate brief or in an unverified pleading cannot serve as a substitute for a proper record. (See *People v. MacRae* (1977), 47 Ill. App. 3d 302, 361 N.E.2d 685; *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550.) The

excuse offered by defendants for their failure to file a record being unsupported, we conclude that the trial court properly dismissed defendants' first appeal.

■■ Moreover, we note that the denial of a motion to dismiss is not a final and appealable order. (*Irvin v. Poe* (1974), 18 Ill. App. 3d 555, 310 N.E.2d 32; *Celano v. Frederick* (1964), 54 Ill. App. 2d 393, 203 N.E.2d 774.) Thus, even were we to assume that there was an order entered on May 4, 1977, denying defendants' motion to dismiss, it would not have been appealable.

Defendants have also filed a notice of appeal from "any order that any judge of this court may have issued during July of the year 1977 or previous or subsequent * * *." No appeal, however, has been docketed from nor does the record contain any such order. Thus, there is nothing for us to consider with respect to this notice of appeal.

For the reasons stated, we affirm the August 26, 1977 order dismissing defendants' appeal. However, whether or not an order was entered denying defendants' motion to dismiss, plaintiff's cause of action would remain active. Thus, remandment is required for the disposition of matters still pending.

Affirmed and remanded.

LORENZ and WILSON, JJ., concur.