MEMORIAL CONSULTANTS, INC., Petitioner-Appellant, *v.* MICHAEL J. BAKALIS, Comptroller, Respondent-Appellee.

Fourth District No. 15297

Opinion filed June 13, 1979.

John E. Cassidy, Jr., of Cassidy, Cassidy, Mueller & Price, of Peoria, for appellant.

William J. Scott, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Cemetery Care Act.

The Illinois Comptroller administers the Act.

Are the actions that he takes by authority of section 16 of the Act reviewable under section 20 thereof?

No.

We affirm.

Memorial Consultants, Inc., whose principal office is located in Peoria County, Illinois, holds a license under the Cemetery Care Act which authorizes it to act as a trustee for care funds. (Ill. Rev. Stat. 1977, ch. 21, par. 64.3.) State Comptroller Michael J. Bakalis was empowered to administer the Cemetery Care Act.

Pursuant to section 16 of the Act (Ill. Rev. Stat. 1977, ch. 21, par. 64.16), the Comptroller issued an order requiring Memorial Consultants to divest itself of certain financial interests. In support of its directives, the Comptroller stated that the investments violated section 3(a) of the

Cemetery Care Act and the prudent man rule of section 3, that the investments were an abuse of trust by the licensee and had not been administered properly, and that one investment was in a nonproductive asset.

Memorial Consultants notified the Comptroller of an intent to have a review of this order under section 20 of the Act by filing a complaint for administrative review in the circuit court of Sangamon County, Illinois. In the complaint, petitioner claimed the Comptroller's order was void because it exceeded the legal powers of the Comptroller under the Act and was entered as a result of unconstitutional *ex parte* proceedings. It was also asserted that the findings were contrary to the facts and were not violations of sections 3 or 3(a) of the Act.

Respondent Bakalis filed a motion to dismiss the complaint on the grounds that proper venue for a challenge of an order issued under section 16 is in the county where the licensee is located, that the Cemetery Care Act is not subject to the Administrative Review Act, that the Comptroller's orders issued pursuant to section 16 are not reviewable under section 20, and that the Comptroller's orders issued pursuant to section 16 are discretionary acts of the Comptroller that are not reviewable in the circuit court of Sangamon County.

The Comptroller then filed a motion requesting a prompt decision on the motion to dismiss because an enforcement action against Memorial Consultants, Inc., had been initiated in the circuit court of Peoria County, Illinois, by the Illinois Attorney General, pursuant to section 16 of the Cemetery Care Act. In the enforcement action, the Attorney General sought a statutory injunction to protect the care funds, but it was denied because of this action pending before the Sangamon County tribunal. That court below entered an order granting respondent's motion to dismiss and strike this action.

On appeal, petitioner seeks to review the Comptroller's order under the procedure set forth in section 20 of the Act. Although the Act provides several instances where the Comptroller is empowered to enter orders which will govern the conduct of licensees, only the orders under sections 8, 8(a), 10, 15.4, and 19 are specifically made reviewable under section 20. In each of these cases, the Comptroller is required to give notice of hearing to the licensee, hold a public hearing, make a transcript of the hearing, and enter a written order based on his determination.

In contrast, section 16 does not provide for review under section 20, nor does it require notice, a hearing, or a transcript. Furthermore, review of the Comptroller's orders issued under section 16 could not proceed in the manner described by section 20 because there is no administrative record. Thus, review of section 16 orders is neither established nor contemplated by section 20. Because the circuit court is without

jurisdiction in the absence of a statutory provision for review, it properly dismissed petitioner's complaint for administrative review. *Clark v. State Police Merit Board* (1972), 5 Ill. App. 3d 332, 282 N.E.2d 220.

However, petitioner is not without protection. Under section 16, the Comptroller is authorized to determine—from reports or examination of the licensee—whether the licensee is engaging in investment practices which are illegal, unsafe, or unauthorized. The Comptroller is not authorized to revoke or suspend a license on the basis of such determination, but only to direct by order the discontinuance of such practices, to direct strict conformity with the requirements of the law, and to apply to the circuit court to prevent funds from being disbursed or expended until those funds are in a safe condition. If the licensee fails or refuses to comply with the correction order, the Comptroller—acting through the Attorney General—may bring an enforcement action in the circuit court of the county where the licensee is located. Thus, if the Comptroller's order is improper, or exceeds the Comptroller's statutory authority, it can be challenged in the enforcement proceedings.

The Comptroller notes that in *People ex rel. Petersen v. Turner Co.* (1976), 37 Ill. App. 3d 450, 346 N.E.2d 102, the court held that it was error for the trial court in an enforcement action under the Fair Employment Practices Act (FEPA) to allow legal defenses or defenses on the merits to the Commission's decision where the Administrative Review Act was applicable but not utilized. Since, however, neither the Administrative Review Act nor the Act's own review procedures are applicable in this case, petitioner would not be precluded from asserting defenses in the enforcement proceedings.

Memorial Consultants next contends that if the trial court's decision is affirmed, the application of the Cemetery Care Act violates the due process clauses of section 2 of article I of the Illinois Constitution and of the fourteenth amendment of the United States Constitution. Petitioner argues a license cannot be taken away without procedural due process because one's continued possession of a license may be essential to one's pursuit of a livelihood. (*Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586.) Since the divestiture order covers substantially all of petitioner's cemetery care fund, and since there was no evidence of market value for the securities to be divested, petitioner asserts the order in effect revokes its license and its existence as a cemetery authority.

The Illinois Supreme Court reviewed the constitutionality of the Cemetery Care Act in *Union Cemetery Association v. Cooper* (1953), 414 Ill. 23, 110 N.E.2d 239, and found that the Act did not offend the due process clauses of the State and Federal constitutions. Furthermore, as previously noted, the Comptroller must apply to the circuit court—*via* the Attorney General—to prevent disbursements or expenditures by a

nonconforming licensee. Due process would necessarily be afforded the licensee in such a proceeding.

Judgment affirmed.

REARDON, P. J., and GREEN, J., concur.