ARNOLD SCHAFFNER, INC., Plaintiff-Appellant, *v.* LAWRENCE GOODMAN *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 78-1130

Opinion filed July 10, 1979.—Rehearing denied August 1, 1979.

Reese and Schaffner, and Harry B. Aron, both of Chicago (Harry B. Aron, of counsel), for appellant.

Eric N. Macey, and Levy and Erens, both of Chicago, for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff filed an action pursuant to section 24 of the Limitations Act after a previously filed complaint had been dismissed for want of prosecution. (Ill. Rev. Stat. 1975, ch. 83, par. 24a.) Defendant filed a motion to dismiss alleging that the action was barred by the res judicata effect of the prior dismissal and by the statute of limitations. The court dismissed plaintiff's action without prejudice and plaintiff appeals presenting the following issues for review: (1) whether the order dismissing plaintiff's action is a final appealable order; and (2) whether the court erred in dismissing plaintiff's action.

We dismiss the appeal.

On or about April 12, 1957, plaintiff, Arnold Schaffner, Inc., and defendants, Lawrence Goodman and Lillian Goodman, executed a written contract in which plaintiff agreed to construct a residence on land owned by defendants. In 1967, plaintiff filed an action against defendants for breach of the contract, alleging that plaintiff completed performance on or about December 22, 1958, and that there remains due and owing to plaintiff the sum of $12,596.57, which sum defendants have refused to pay. On June 10, 1970, when the cause came on to be heard on the regular call of cases for trial, the cause was dismissed for want of prosecution.[1]

On October 21, 1970, pursuant to section 24 of the Limitations Act, plaintiff filed a new action, involving the same parties and the same facts. On October 27, 1975, defendants filed a motion to dismiss alleging that the action was barred by the statute of limitations (Ill. Rev. Stat. 1975, ch. 83, par. 17) and by the res judicata effect of the prior dismissal.

On April 6, 1978,[2] the court dismissed plaintiff's action with the following order:

---

[1] The record before us does not reflect whether defendants had filed an answer to the first complaint.

[2] We note with genuine concern the long delay in both the prosecution and the defense of this cause. The half-sheet indicates that the following events occurred in the period between filing the complaint and the motion to dismiss: Defendants were served on March 23, 1971. A motion to dismiss was filed on May 6, 1971, which motion was stricken on September 10, 1971. On July 7, 1971, a by-agreement order was entered allowing a substitution of attorneys and allowing defendants 28 days in which to file an answer. On April 16, 1972, a by-agreement order was entered allowing defendants another 28 days in which to file an answer. In November 1972 defendants filed a motion to extend the time in

"It is hereby ordered:
That the above-captioned cause is dismissed without prejudice; the attorney for the plaintiff requested the Court's reasons and the Court stated that 'this is a 20 year old case' and that it was dilatory."

Plaintiff filed a notice of appeal on May 4, 1978. During the pendency of the appeal, defendants filed a motion to dismiss the appeal on the basis that the order of April 6, 1978, is not a final, appealable order. The motion will be considered with the case.

■■ The initial question presented is whether there is a final, appealable order for this court to review. It is a basic principle that an appeal to this court in civil cases, with certain exceptions not relevant here, may be had only from final judgments. (Ill. Rev. Stat. 1977, ch. 110A, par. 301.) Further, it is well established that a final and appealable order is one which terminates the litigation and finally disposes of the rights of the parties either upon the entire controversy or upon some definite or separate part of it. (*Burtell v. First Charter Service Corp.* (1978), 57 Ill. App. 3d 198, 201, 372 N.E.2d 941; *Gray v. Starkey* (1976), 41 Ill. App. 3d 555, 558, 353 N.E.2d 703.) If the order is based upon a technical legal deficiency in the pleadings, or upon a matter that can be cured by filing an amended pleading or a new lawsuit, then the order is not final and appealable. (*Gray*, at 558; *Lakatos v. Prudence Mutual Casualty Co.* (1969), 113 Ill. App. 2d 310, 315 , 252 N.E.2d 123.) However, the test of finality lies in the substance, not the form, of the order. *Bates v. Ulrich* (1976), 38 Ill. App. 3d 203, 347 N.E.2d 286; *O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348, 356 N.E.2d 1293; *Lakatos*, at 314.

■■ The order in the case at bar is on its face a nonappealable order because of the recitation "without prejudice." (See *Peterson v. Tazewell County* (1975), 29 Ill. App. 3d 915, 916, 330 N.E.2d 888.) Since plaintiff could have refiled the action within one year after the dismissal pursuant to section 24 of the Limitations Act (*Aranda v. Hobart Manufacturing Co.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585), the order did not terminate the litigation. Plaintiff

---

which to file an answer. Defendants filed an answer on December 5, 1972, and plaintiff filed a reply on December 6, 1972. On November 9, 1973, a default judgment was entered against defendants. The judgment was vacated on motion by defendants on December 7, 1973. On April 11, 1974, a second default judgment was entered against defendants; this was vacated on defendants' motion on May 10, 1974. Trial was set for September 17, 1974, but on that date the cause was continued. The motion to dismiss was filed on October 27, 1975. No further entries appear on the half-sheet until November 1977 when there was a substitution of attorneys for plaintiff and trial was set for April 11, 1978. This was the last action reflected on the half-sheet until the court dismissed plaintiff's action on April 6, 1978. The record does not account for the long delays between the recorded actions of both parties. It would appear that both parties were responsible for the inordinate delays which occurred.

contends, however, that any subsequently refiled action would have been dismissed on the basis of the trial court's finding that the case was 20 years old and dilatory.

It is well established that the doctrines of res judicata and collateral estoppel apply only where there is a final judgment, and that a nonfinal order does not bar a subsequent action. (*La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 528-29, 337 N.E.2d 19, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 177, 96 S. Ct. 1668; *People v. Williams* (1975), 59 Ill. 2d 557, 560, 322 N.E.2d 461.) A trial court would not be bound by the order or findings in question because a trial court order becomes the "law of the case" only if there is a final and appealable order. (*People v. 1965 Chevrolet Chevy II* (1968), 99 Ill. App. 2d 201, 240 N.E.2d 169.) A ruling which is not a final order does not in any manner affect or determine any subsequent proceeding. (99 Ill. App. 2d 201, 205.) Plaintiff is merely speculating when he argues that a refiled complaint would have been dismissed automatically by a trial court. We note that the wording of the court's order may well give rise to confusion, and it is possible that the order itself was erroneously drawn. However, it is not for this court to speculate with regard to the court's intent in entering the order, especially when the parties have not argued that such an error occurred. Thus, we conclude that the order dismissing plaintiff's action "without prejudice" did not terminate the litigation and therefore the order was not final and appealable.

Based on the foregoing, the appeal is dismissed.

Appeal dismissed.

STAMOS, P. J., and DOWNING, J., concur.