JOAN JOHNSON, Plaintiff-Appellant, *v.* NORTHWESTERN MEMORIAL HOSPITAL *et al.*, Defendants.—(LEON A CARROW, Defendant-Appellee.)

First District (1st Division)    No. 78-1587

Opinion filed August 6, 1979.

Angelo D. Mistretta, Ltd., of Chicago (James L. Allegretti, of counsel), for appellant.

Pretzel, Stouffer, Nolan and Rooney, Chartered, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal taken by the plaintiff, Joan Johnson, from an order of the circuit court of Cook County striking count II of the plaintiff's complaint. Although it was not brought to this court's attention by the parties, we note that we lack jurisdiction to hear this appeal because no final and appealable order was entered by the trial court. For this reason we find it unnecessary to reach the merits of this appeal and the appeal is dismissed.

On March 16, 1978, the plaintiff filed a two-count complaint against Dr. Leon A. Carrow, Dr. C. J. Hall and Northwestern Memorial Hospital. Count I alleged that the plaintiff sustained personal injuries as a result of the defendants' negligence with respect to the performance of a laparoscopic tubal ligation. Count II sought recovery from all of the defendants jointly based upon the doctrine of res ipsa loquitur. Dr. Leon Carrow, the sole defendant in the instant appeal, appeared and answered count I denying the allegations therein. He then moved, on May 15, 1978, to strike count II, claiming that the plaintiff failed to state a cause of action in that she imputed the element of control to all of the defendants jointly rather than to him alone. Northwestern Memorial Hospital and C. J. Hall, neither of whom are parties to the present appeal, answered counts I and

II on May 22, 1978. The motion to strike, filed by the sole defendant on appeal, was granted by the trial court in an order dated June 2, 1978. On June 23, 1978, the June 2, 1978, order was vacated and set aside and a new order was granted striking count II of the plaintiff's complaint. On July 12, 1978, the June 23, 1978, order was amended to reflect that there was no just reason to delay the appeal of the order striking count II of the plaintiff's complaint. The plaintiff filed her notice of appeal on July 19, 1978.

■■ It is the duty of this court to consider whether it has jurisdiction to hear an appeal even though this issue was not raised by the parties. (*Keen v. Davis* (1969), 108 Ill. App. 2d 55, 246 N.E.2d 467.) Jurisdiction of this court to hear an appeal is confined to reviewing appeals from final judgments unless it comes within one of the exceptions for interlocutory orders specified by the Supreme Court Rules. (*Joliet Federal Savings & Loan Association v. O'Hare International Bank* (1973), 12 Ill. App. 3d 1012, 299 N.E.2d 350; *Felton v. Shead* (1972), 6 Ill. App. 3d 123, 285 N.E.2d 162.) To be final and appealable the order appealed from must terminate and dispose of the parties' rights regarding issues in the suit so that, if affirmed, the trial court has only to proceed with the execution of judgment. (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371; *Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918; *Maple Investment & Development Corp. v. Shore* (1976), 38 Ill. App. 3d 654, 348 N.E.2d 498.) Where an order of the court leaves a cause still pending and undecided, it is not a final order. (*Gutenkauf; La Vida, Inc. v. Robbins* (1961), 33 Ill. App. 2d 243, 178 N.E.2d 412.) We note that "the purpose of the rule is to prevent a multiplicity of suits and piecemeal appeals." *Robinson v. City of Geneseo* (1966), 77 Ill. App. 2d 308, 310, 222 N.E.2d 331.

■■ The appealability of an order is determined by the substance as opposed to the form of the order. (*Gutenkauf; Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 360 N.E.2d 458; *Andros v. Hansen Realty Co.* (1976), 44 Ill. App. 3d 635, 358 N.E.2d 664.) The trial court cannot automatically confer appellate jurisdiction by stating in an order that there is no just reason for delaying enforcement or appeal. *Gutenkauf; Savage v. Schoenstadt* (1979), 68 Ill. App. 3d 552, 386 N.E.2d 339; *Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188.

■■ "The entry of the order to strike a complaint without more is not final or appealable even though the question of jurisdiction is not raised." (*Browning v. Heritage Insurance Co.* (1974), 20 Ill. App. 3d 622, 623, 314 N.E.2d 1; accord, *Robinson v. City of Geneseo* (1966), 77 Ill. App. 2d 308, 222 N.E.2d 331.) Where such an order is based upon a technical legal deficiency in the pleadings which could be cured by an amended

pleading or the filing of a new suit involving the same cause of action, it is not final and appealable because it does not terminate the litigation between the parties. *Lakatos v. Prudence Mutual Casualty Co.* (1969), 113 Ill. App. 2d 310, 252 N.E.2d 123.

■ The amended order of July 12, 1978, which is presently before this court, does not in substance finally dispose of the parties' rights regarding issues in the case. The parties to this appeal erroneously argue in their respective briefs that the appeal is based upon a "dismissal" of count II as to Dr. Carrow alone. In fact, the July 12, 1978, order recites "that Count II of the Complaint at Law be stricken." This count was stricken without limiting its application to a specific defendant even though only the defendant in the instant appeal filed a motion to strike count II. As previously stated, the other defendants answered count II. The trial court's inclusion of language reflecting the finality of this amended order does not automatically confer jurisdiction on this court.

Accordingly, for the reasons stated, a final and appealable order has not been presented for a disposition by this court and the appeal is dismissed.

Appeal dismissed.

GOLDBERG, P. J., and O'CONNOR, J., concur.