ROBERT A. ALLABASTRO, Plaintiff-Appellant, *v.* WHEATON NATIONAL BANK, Defendant-Appellee.

Second District    No. 80-143

Opinion filed December 22, 1980.

James F. Campion, of Wheaton, for appellant.

Huck & Walsh, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Robert A. Allabastro, appeals from orders of the Circuit Court of Du Page County entered on January 16, 1980, and February 29, 1980. Defendant, Wheaton National Bank, as trustee, contends in its brief that this court lacks jurisdiction to consider plaintiff's appeal as it was not perfected in accordance with Supreme Court Rule 303(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 303(a)). Defendant had also filed a separate motion to dismiss the appeal on the same grounds at the time of filing its brief, which we then denied.

It is the duty of this court to consider its jurisdiction to hear an appeal whether or not the issue has been raised by the parties (*Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 697, 393 N.E.2d 712, 713), and to also reconsider the question should our earlier ruling seem to be erroneous.

This case is brought to this court for the second time by plaintiff, and the facts underlying the litigation are set forth in our opinion in *Allabastro v. Wheaton National Bank* (1979), 77 Ill. App. 3d 359, 395 N.E.2d 1212.

There, after plaintiff's interlocutory appeal, we reversed a judgment of the trial court and remanded the cause "with directions that the purchaser be permitted to close by paying the final installment in full together with all interest and taxes due to the date of payment." On remand the trial court entered its order of January 16, 1980, which provided that plaintiff shall perform his obligations under the contract between these parties on or before March 3, 1980; and further, that plaintiff tender payment of the unpaid principal balance of $405,462.50 with compound interest at the rate of 10 percent per annum from October 7, 1975, to the date of payment, and the real estate taxes for the years 1975-1978 with 10 percent compound interest.

On February 20, that being more than 30 days after the January 16 order, plaintiff filed a motion to vacate a portion of it and to extend the closing date; this motion was denied. On February 29, plaintiff filed a petition for preliminary injunction and other relief wherein he sought to enjoin defendant from collecting and distributing the funds ordered paid to it by plaintiff until such time as the appellate court clarified its October 11, 1979, opinion in the earlier appeal regarding interest and taxes. Alternately, plaintiff requested that the trial court reconsider its order of January 16 and reduce the compound interest on the final installment to simple interest at 10 percent and either eliminate interest for taxes altogether or impose simple interest at 8 percent pursuant to section 3 of the Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 3). By order entered February 29, 1980, the trial court denied plaintiff's motion, and he filed his "Notice of Interlocutory Appeal" to this court on March 3, 1980, from both the January 16 and February 29 orders. On March 3, the parties also carried out the sale and purchase of the property in question in accordance with the terms of the trial court's January 16 order.

■■ Defendant contends that plaintiff's failure to file a notice of appeal within 30 days after entry of the January 16 order precludes consideration of it by this court in the present appeal. We agree.

Supreme Court Rule 303(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 303(a)) provides:

"* * * the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion. * * *"

After our remand to the trial court with directions following plaintiff's earlier appeal, it entered the January 16 order which plaintiff now seeks to be reviewed in his present appeal. No motion was filed in the trial court directed against the January 16 order until February 20 (35 days thereafter), and it was denied. On February 29 (44 days after January 16),

plaintiff filed his petition for injunction and other relief, and it too was denied. Notice of appeal was not filed within 30 days of the January 16 order; however, on March 3 plaintiff filed his notice of appeal from both the January 16 and February 29 orders.

Appeal was taken in apt time by plaintiff from the February 29 order pursuant to Supreme Court Rule 307 (Ill. Rev. Stat. 1979, ch. 110A, par. 307), as an interlocutory appeal may be perfected by filing a notice of appeal within 30 days from entry of an order denying injunctive relief. (*Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d 335, 336, 391 N.E.2d 1074.) The first question presented in this case, however, is whether an appeal from the January 16 order has also been perfected.

■■■ Only a final judgment is appealable (Ill. Rev. Stat. 1979, ch. 110A, pars. 301 and 303(a)), unless it is within one of those categories of judgments from which an interlocutory appeal may be taken. (*E.g.*, Supreme Court Rules 307 and 308 (Ill. Rev. Stat. 1979, ch. 110A, pars. 307 and 308).) A judgment is final if it terminates the litigation on the merits of the case and determines the rights of the parties so that if affirmed the trial court has only to proceed with the execution of the judgment. (*Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 697, 393 N.E.2d 712, 713.) A judgment is not final if the court retains jurisdiction for future determination of a substantial controversy. *Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 106, 390 N.E.2d 579, 583; *Joliet Federal Savings & Loan Association v. O'Hare International Bank* (1973), 12 Ill. App. 3d 1012, 1013-14, 299 N.E.2d 350, 351.

In the present case, the January 16 order set the time for closing of the disputed real estate transaction between plaintiff and defendant and fixed its terms, *i.e.*, payment of the unpaid principal balance of the purchase price by plaintiff together with interest and taxes due as was required of the trial court by our mandate. (*Allabastro v. Wheaton National Bank* (1979), 77 Ill. App. 3d 359, 368, 395 N.E.2d 1212, 1218.) The gist of plaintiff's original action was for enforcement of the provisions of an installment contract for the purchase of real estate, and, after the January 16 order, nothing further remained to be done except carry out the terms of that judgment.

The timely filing of a notice of appeal is mandatory and jurisdictional. (*Portock v. Freeman* (1977), 53 Ill. App. 3d 1027, 1029, 369 N.E.2d 201, 203.) As no post-trial motion attacking the January 16 order was filed within 30 days of its entry and more than 30 days elapsed before plaintiff filed a notice of appeal (in which he sought to tack on the January 16 order), this court lacks jurisdiction to review the January 16 order. (*Danaher v. Knightsbridge Co.* (1978), 56 Ill. App. 3d 977, 979, 372 N.E.2d 862, 865.) Even if this order could be considered as interlocutory, and we

do not believe it can be so classified, timely notice of appeal had to be filed within 30 days of its entry if appealed as of right (Supreme Court Rule 307(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 307(a))), or permission to appeal should have been sought in apt time pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308). See *Terry v. Terry* (1970), 121 Ill. App. 2d 331, 257 N.E.2d 520 (abstract).

Nor will we consider plaintiff's appeal of the February 29 order on its merits. His petition in the trial court was designated an "Emergency Motion for Preliminary Injunction and Other Relief" and sought to enjoin defendants from collecting and disbursing the funds ordered paid by plaintiff until such time as this court clarified its earlier opinion. (There was no such request pending in this court nor had plaintiff sought rehearing and clarification of our opinion after it was filed October 11, 1979.) In our view the consummation of the real estate transaction between these parties on March 3, 1980, pursuant to the January 16 order of the trial court, negates the existence of a present controversy permitting the injunctive relief requested by plaintiff, and as that issue is moot (*Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 189, 311 N.E.2d 134, 137), we will not review the February 29 order refusing an injunction. See Supreme Court Rule 307(a)(1) (Ill. Rev. Stat. 1979, ch. 110A, par. 307(a)(1)).

For these reasons this court may not consider the merits of plaintiff's appeal, and it is dismissed.

Appeal dismissed.

SEIDENFELD, P. J., and LINDBERG, J., concur.