RUTH A. WOLD, Plaintiff-Appellant, *v.* BULL VALLEY MANAGEMENT
COMPANY, INC., Defendant-Appellee.

Second District    No. 80-354

Opinion filed June 9, 1981.—Rehearing denied July 27, 1981.

VAN DEUSEN, J., dissenting.

Hugh M. Matchett, of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE REINHARD delivered the opinion of the court:

Plaintiff appeals from the dismissal of her complaint for want of prosecution against Bull Valley Management Company, Inc., defendant, in which she sought damages for an alleged malicious breach of an employment contract entered into between her and her former husband, Orin W. Wold, who she alleged was acting as an agent for the defendant. The issues raised on appeal by plaintiff are that the trial court erred in:

(1) dismissing the action for want of prosecution; (2) failing to grant her petition for change of venue; (3) failing to grant her motion to strike Orin W. Wold's affidavit; and (4) failing to grant her motion for summary judgment. The determinative issue, however, is whether this court has jurisdiction to consider the appeal, and even in the absence of a brief filed by appellee, we have the duty to raise the question *sua sponte. Allabastro v. Wheaton National Bank* (1980), 91 Ill. App. 3d 222, 414 N.E.2d 537; *Cohen v. Sterling Nursing Home, Inc.* (1978), 57 Ill. App. 3d 162, 372 N.E.2d 934.

A jury trial was set in this cause for April 21, 1980. On April 2, 1980, plaintiff filed several motions, among which was a motion to take the case off the scheduled trial day. In that motion plaintiff's counsel stated that he had several appellate briefs to prepare and that he didn't have time to appear on his motions at any time prior to June 3, 1980, that he requested the clerk to present the motion to the judge and that he expected that his motion would be allowed. The trial judge did not rule on any of the motions, but instead, on plaintiff's and her counsel's failure to appear on April 21, 1980, dismissed the cause for want of prosecution.

■■■ Pursuant to section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a), an action dismissed for want of prosecution may be commenced by filing a new action within one year after the dismissal. This statute operates under these circumstances as an extension of the applicable statute of limitations, and a plaintiff has an absolute right to refile the complaint at any time within the extended period. (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 620, 363 N.E.2d 796.) With certain exceptions, an appeal to the appellate court in civil cases may be had only from final judgments. (*Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 697, 393 N.E.2d 712; *Arnold Schaffner, Inc. v. Goodman* (1979), 73 Ill. App. 3d 729, 731, 392 N.E.2d 375.) A judgment has been traditionally defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 119, 382 N.E.2d 1217.) A dismissal for want of prosecution does not reach the merits of the cause under Supreme Court Rule 273, (58 Ill. 2d R. 273.) (*Kutnick v. Grant* (1976), 65 Ill. 2d 177, 180, 357 N.E.2d 480.) Since plaintiff could have refiled the action within one year after the dismissal on April 21, 1980, pursuant to section 24 of the Limitations Act, the order of dismissal for want of prosecution did not terminate the litigation. *Arnold Schaffner, Inc. v. Goodman* (1979), 73 Ill. App. 3d 729, 731, 392 N.E.2d 375.

■■ Accordingly, the dismissal for want of prosecution was not a judgment on the merits nor did it terminate the litigation from which an appeal may be taken, and this appeal is dismissed.

Appeal dismissed.

UNVERZAGT, J., concurs.

Mr. JUSTICE VAN DEUSEN, dissenting:

A dismissal for want of prosecution is a final and appealable order. (*Watts v. Medusa Portland Cement Co.* (1971), 132 Ill. App. 2d 227, 230; *Trojan v. Marquette National Bank* (1967), 88 Ill. App. 2d 428, 436.) The fact that the General Assembly, in the exercise of its constitutional powers, has granted plaintiff an absolute right to refile her claim as a new action "within one year or within the remaining period of limitation, whichever is greater, after * * * the action is dismissed for want of prosecution" (Ill. Rev. Stat. 1979, ch. 83, par. 24a; *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 620), does not, in my opinion, affect either the finality or appealability of the order dismissing the cause as originally filed for want of prosecution. The majority opinion's reliance on *Arnold Schaffner, Inc. v. Goodman* (1979), 73 Ill. App. 3d 729, is misplaced. That case dealt not with an order of dismissal for want of prosecution but rather with an order dismissing the cause without prejudice. As the *Schaffner* court stated at page 731: "The order in the case at bar is on its face a non-appealable order because of the recitation 'without prejudice'."

The effect of the majority opinion in this case would be to permit the General Assembly, by the adoption of legislation, to determine when judicial orders become final and appealable. Another effect of the dismissal of the appeal in this case, will be to deny to the appellant any judicial review of the alleged errors of the trial court. As a precedent, the majority opinion precludes judicial review in all cases dismissed for want of prosecution as long as plaintiff can file a new action under section 24 of the Limitation Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a).