D. C. WADE *et al.*, Plaintiffs-Appellees, *v.* HORACE GENTLE, Defendant-Appellant.

First District (1st Division)    No. 80-1088

Opinion filed November 16, 1981.

Parrillo, Bresler, Weiss & Moss, of Chicago, for appellant.

Arthur S. Gomberg, Sheldon S. Gomberg, and Noreen Spencer, all of Chicago, for appellees.

Mr. PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, D. C. Wade and Louella Dixon, sued defendant Horace Gentle for personal injuries and property damage resulting from an automobile collision allegedly caused by the negligence of defendant. Defendant did not appear at trial, and after a jury trial a verdict was returned for Wade in the amount of $5,000 and for Dixon in the amount of $250. Judgment was entered on the verdict. Defendant's post-trial motion for judgment notwithstanding the verdict and in the alternative for a new trial was denied. On appeal defendant contends that the trial court erred in taking judicial notice of the amount of a collection suit judgment in the amount of $1,787 entered in favor of Michael Reese Hospital against D. C. Wade, in order to sustain Wade's burden of proving the reasonableness of the amount of the hospital bill in his case against defendant, and in giving Illinois Pattern Jury Instructions, Civil, No. 5.01 (2d ed. 1971), hereinafter cited as IPI Civil No. 5.01 (relating to failure to produce evidence or a witness).

For the reasons set forth herein the judgment is affirmed.

On August 29, 1974, plaintiffs D. C. Wade and Louella Dixon were involved in an automobile collision while driving on the Dan Ryan expressway. Wade was driving and Dixon was his passenger. The collision occurred when the front end of the Wade car struck the rear portion of defendant's car, which plaintiffs claim pulled in front of the Wade car and stopped suddenly and without warning. Wade alleged both personal injury and property damage as a result of the collision, and Dixon alleged personal injury only. Over defendant's objection, Wade's attorney moved the court to take judicial notice of the court file of Michael Reese Hospital v. D. C. Wade for hospital services rendered to Wade from September 5, 1974, to September 11, 1974, for the purpose of proving the reasonableness of the hospital bill. The cause was set for trial a number of times, and on January 28, 1980, the date trial commenced, defendant's attorney orally moved the court for a continuance to permit him to go to Beliz, Central America, to take the evidence deposition of defendant. The attorney claimed that defendant was a citizen of Beliz, and according to the American consul in Beliz, would be denied a visa to

return to the United States for trial. The court denied the motion as untimely, and stated that the proper place to move for a continuance was before the assignment judge, and that this case had been set for trial for at least four months, since at least October 1979. At the conference on instructions plaintiffs offered IPI Civil No. 5.01, which was accepted over defendant's objection. The court also submitted to the jury a special interrogatory concerning contributory negligence of Wade. The jury found for Wade in the amount of $5,000, for Dixon in the amount of $250, and answered "no" to the special interrogatory which inquired if Wade had failed to exercise ordinary care for his own safety which proximately contributed to his injuries.

Defendant contends that the trial court erred in taking judicial notice of the amount of a judgment in the amount of $1,787, entered in favor of Michael Reese Hospital for services rendered, against D. C. Wade, in order to sustain Wade's burden of proving the reasonableness of the hospital bill in his case against defendant. Defendant alleges that he was not a party to the collection suit, and Wade never stated that he contested the collection suit, or that he informed defendant of the suit. Defendant also urges that unless the bill has been paid at the time of trial, competent evidence is required to establish the reasonableness of the charge. (*Flynn v. Cusentino* (1978), 59 Ill. App. 3d 262, 375 N.E.2d 433.) Defendant further claims that the collection suit judgment is only binding on the parties to the lawsuit or their privies, and therefore does not apply to him as he was neither. *C.I.S., Inc. v. Kann* (1979), 76 Ill. App. 3d 109, 394 N.E.2d 916; *Drabik v. Lawn Manor Savings & Loan Association* (1978), 65 Ill. App. 3d 272, 382 N.E.2d 333.

Wade urges that the court acted properly in taking judicial notice of a court file containing a certified copy of a judgment against him in the amount of $1,787, for hospital services rendered from September 5, 1974, to September 11, 1974, for the limited purpose of showing that said hospital bill was fair and reasonable. He states that the judgment was entered by the same court, and that the rule in Illinois is that courts will take judicial notice of their own records. (*In re Brown* (1978), 71 Ill. 2d 151, 374 N.E.2d 209; *People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792.) Wade claims that defendant was not estopped from contesting the hospital bill at trial as plaintiff had the burden of proving causation and the necessity of the hospital services. He states that he testified extensively at trial, and as proof of damages the hospital bill itemized every treatment and service rendered to him. The bill was admitted into evidence, yet defendant did not cross-examine him on the causation and necessity of the bill. Plaintiff also urges that where there is no allegation of excessive damages, as in the instant case, if the court erred in taking judicial notice of the hospital bill, the error was harmless. (*Geving v. Fitzpatrick* (1978),

56 Ill. App. 3d 206, 371 N.E.2d 1228; *Walczak v. General Motors Corp.* (1976), 34 Ill. App. 3d 773, 340 N.E.2d 684.) Plaintiff further asserts that where as here there is ample evidence to support the jury's verdict errors going to damages are viewed as harmless. *Chapman v. Powers* (1975), 30 Ill. App. 3d 44, 331 N.E.2d 593.

Both parties to this appeal have made numerous references to the record and to the report of proceedings of the trial below in support of their respective positions. Error has been claimed with regard to jury instructions, the admission of a hospital bill, the testimony of the parties, and the plaintiffs' brief speaks of the testimony of a police officer, yet neither of the parties to this appeal has submitted to this court a complete report of proceedings of the trial below. It is the responsibility of the appellant to provide a complete record to enable the reviewing court to resolve the questions raised (*City of Chicago v. Hutter* (1978), 58 Ill. App. 3d 468, 374 N.E.2d 802), and we are not persuaded that the record before us is adequate to review the issues presented by this appeal. This court has repeatedly held that an appellate brief cannot serve as a substitute for a complete record (*City of Chicago v. Hutter*), and excerpts from the trial are equally insufficient. Since the complete record below has not been presented for review, we will not speculate as to the contents of the report of proceedings or utilize the excerpts presented, but will presume that the rulings of the trial court in this contested matter were rendered in conformity with the law, and that the facts before the court were sufficient to support the judgment. *People ex rel. Spicer v. Coleman* (1979), 72 Ill. App. 3d 631, 391 N.E.2d 46.

Accordingly the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and O'CONNOR, JJ., concur.